*The opinion of the Court ("except the Chief Justice, [*89 ] who did not hear the argument) was afterwards delivered as follows, by
Sedgwick, J.
The only question, which- arises in this cause, is on the sufficiency of the notice given by the overseers of the poor of Quincy to the overseers of the poor of Braintree; no answer having been made to it by the latter. If it be such notice as to comply with the intentions of the statute, there is no question but that the defendants are concluded by it, and that judgment must be rendered against them.
Two objections are made to its sufficiency. 1. That it has not *66 the signature of a majority of the overseers of Quincy, but was signed by their chairman only (a). Without determining whether this objection could, under any circumstances, prevail, it is a sufficient answer in this case that it is expressly agreed that this notice was given “by the overseers of Quincy.”
The 2d objection is, that the statute requires that in giving such notice as shall conclude the defendant' town, the facts should be stated therein; by which, it is said, must be intended more than is contained in this notice.
In the case of an appeal from an adjudication of the Court of Common Pleas to this Court, the statute requires all the material facts to be stated; and it is necessary, for otherwise this Court would not have the competent means of determining whether the adjudication was correct. In that case, all the material facts must be stated, which are necessary to attain the object for which they are to be stated; and to the same effect, in relation to its purpose, must be the notice in this case.
We cannot, however, perceive that all such facts are not stated in this case. Those facts are, that the pauper has her settlement in Braintree; that she was, at the time of the notice, resident [ * 90 ] in Quincy; that she required * support; and that it had been afforded her by the overseers of that town. To require, as it was said the law intended, that the notice should contain an allegation of the means by which the settlement was obtained, could, on the one hand, answer no purpose of utility, and might, on the other, be inconvenient and productive of embarrassment. We are, therefore, of opinion, that the defendants should be defaulted, and judgment rendered against them, according to the agreement of the parties (b).

Defendants defaulted.

 Westminster vs. Bernardston, 8 Mass. 104. — Bridgewater vs. Dartmouth, 4 Mass 275.

 Vide Needham vs. Newton, 12 Mass. 452. — Sudbury vs. Waltham, 13 Mass. 460 —Shutesbury vs. Oxford, 16 Mass. 102. — Paris vs. Hiram, 12 Mass. 262. — Sidney vs. Augusta, 12 Mass. 316. — Emdem vs. Augusta, 12 Mass. 307.