## THE INHABITANTS OF KENNEBUNKPORT *versus* THE INHABITANTS OF BUXTON.

The notice required to be given by one town to another under the provisions of the twenty-ninth section of the pauper act (Rev. St. c. 32) is the same as the one required to be given under the thirty-fifth section. Such notice should contain the substance of that which the statute requires, but no particular form is necessary.

A notice of the following tenor: — "Selectmens' Office, K., Feb. 1, 1843. Gent., L. S. of B. has become chargeable in this town as a pauper. You are hereby notified, that we are supporting her at your expense and shall continue so to do, until she is removed or otherwise provided for. Per order of the board of overseers of the poor of the town of K., J. H., Chairman. To the overseers of the poor of B." — was holden to be sufficient.

A notice once given is not waived by an after letter, reminding the overseers of the poor of the town notified, of the amount of the expense claimed in consequence of its having been incurred for the support of their pauper, referring to the former notice, and requesting payment.

If a legal notice under the statute is not seasonably answered, the town notified is not entitled, in defence, to show that the settlement of the alleged pauper was in any other but the plaintiff town.

An instruction to the jury — "that in order to constitute a legal settlement of the supposed pauper in K. under the sixth mode of acquiring a settlement, provided in the statute, it must be proved, that she dwelt and had her home there five full years in succession since March 21, 1821, without receiving supplies from any town," — is not erroneous.

THIS was an action of assumpsit for supplies furnished to one Lavina Smith, an alleged pauper. The plaintiffs proved that the said Lavina fell into distress and stood in need of relief in their town, and that they furnished supplies which were reasonably worth the amount charged. The plaintiffs then proved, that they wrote a notice to the defendants, February 1, 1843, which makes part of the case, which was duly received by the defendants, and it was proved or admitted that no answer thereto was returned within two months. It appeared also in evidence in defence, that another notice was written by the plaintiffs to the defendants, April 15, 1843, to which an answer was returned May 19, 1843. Said notice and answer make part of the case.

The plaintiffs upon this evidence rested the case, and the

defendants thereupon moved, that the plaintiffs should be non-suited, which motion was overruled by WHITMAN C. J. presiding at the trial.

Various witnesses were then called by the defendants and the plaintiffs for the purpose of proving or disproving the settlement of said Lavina in Kennebunkport, to which point of defence the presiding Judge ruled the defendants were limited, on the ground that their omission to answer the plaintiffs' notice of February 1, 1843, barred them from showing the settlement of the supposed pauper in any other town.

The defendants contended, and requested the Judge to instruct the jury : — 1st. That the notice of April 15, 1843, was a waiver of the notice of February 1, 1843, and having been answered within two months by the defendants, they were not estopped from denying the settlement of the pauper to be in Buxton, or proving it in any other town.

2d. That the notice of February 1, 1843, is not, in form or substance, such a notice as is required by statute in order to estop the defendants from fully contesting the question of settlement, although it was not answered within two months.

3d. That the notice of February 1, 1843, was not a legal statute notice, except as a notice under § 29, c. 32, Revised Statutes.

These instructions the Judge declined to give, and instructed the jury, that neither of the positions assumed by the defendants in said requested instructions was tenable. He further instructed the jury, that in order to constitute a legal settlement of the supposed pauper in Kennebunkport, under the sixth mode of acquiring a settlement provided in the statute, it must be proved, that she dwelt and had her home there five full years in succession since March 21, 1821, without receiving supplies from any town.

If either of the foregoing instructions in a material point was erroneous, or the requested instructions should have been given, the verdict, which was for the plaintiffs, was to be set aside, and a new trial granted ; otherwise judgment was to be rendered on the verdict.

A copy of the notices and answer, referred to in the report, follow.

"Selectmens' Office, Kennebunkport, Feb. 1, 1843.

Gent. — Lavina Smith of Buxton has become chargeable in this town as a pauper. You are hereby notified that we are supporting her at your expense and shall continue so to do, until she is removed or otherwise provided for.

"Per order of the board of Overseers of the Poor of the town of Kennebunkport. Joshua Herrick, Chairman.

"To the Overseers of the Poor of Buxton."

"Selectmens' Office, Kennebunkport, April 15, 1843.

"Gent. — There is a bill incurred against your town of one dollar twenty-five cents per week, from Nov. 1, 1842, for the support of Lavina Smith of Buxton. You having been duly notified on the 1st of February, 1843, that she had become chargeable in this town, you will please govern yourselves accordingly and make provision for the payment of her board.

"Per order of the board of Overseers of the Poor of the town of Kennebunkport. "B. F. Mason.

"To the Overseers of the Poor of Buxton."

"Selectmens' Office, Buxton, May 19, 1843.

"Gent. — We received yours of April 15th in which you say that you are charging the expense for the support of Lavina Smith to our town. We have only to say, that from all the information we have yet obtained we are satisfied she is not a resident of Buxton, she not having lived here but for a short time, and that on a visit, for the last thirty years. She was not in this town, in March, 1821. We are informed that you fix her onto our town in consequence of a bed once belonging to her having been at Mr. Cobbs' for some years past. The facts in regard to the bed are these; it consisted of nothing but the sack and feathers, it was taken from a stranger's house where Mrs. Smith never lived, she having lent or hired it to them, it was taken away by Mrs. Smith's request, fearing it would get injured in the hands of strangers. She did not accompany the bed to Buxton and has never since been here but for a

short time to see her friends. She finally, a few years ago, sold the bed to the person who brought it into our town.

"If it is determined by a jury that the above facts constitute her residence as a pauper in our town, we must abide by it, *but not otherwise.* "Charles Watts, Chairman of the "Board of Overseers of the Poor of Buxton.

"To the Overseers of the Poor of Kennebunkport."

*Codman* argued for the defendants, contending, that the notice of April 15, 1843, must have been intended as a new notice, and was a waiver of the former one. To this a seasonable reply was made, denying that the pauper had a settlement in Buxton. The defendants, therefore, are not estopped from showing that the pauper had a settlement in any other town. Estoppels are always odious, and are not to be favored. 7 Metc. 212 and 354 ; 5 Metc. 49 and 186. Corporations may waive legal rights as well as individuals. 12 Mass. R. 370 ; 3 Fairf. 276.

The first notice is not such as will create an estoppel on the defendant town. It must contain all which the statute requires, or it cannot have that effect. In this, there is no request for a removal, and it does not "state the facts relating to any person, actually become chargeable to their town." Even if sufficient to enable the town to bring a suit under § 29, it is not sufficient, under § 42, to create an estoppel. 4 Mass. R. 180 ; 4 Greenl. 298 ; 5 Greenl. 31 ; 3 Greenl. 453 ; 1 Mass. R. 518 ; 8 Mass. R. 104.

The nonsuit should have been ordered. The true construction of the last clause of section 43 is, that the plaintiff town must make out its case against the defendants, unless they can prove the settlement back upon the plaintiffs. The plaintiffs relied on the estoppel merely, without showing any settlement of the pauper in Buxton, which is not enough. 5 Greenl. 31.

The instruction given to the jury was erroneous, calculated to mislead, and did mislead, the jury. It was such, as would allow the jury to find for the plaintiffs, if the pauper went out of the town of Kennebunkport to reside for a mere limited time, with the view and under the expectation of returning.

*Howard* and *Bourne*, for the plaintiffs, said that the second notice, as it was called, was a mere statement, that the plaintiffs had already notified the defendants *according to law*, reminding them of the unpaid bill for the support of the pauper. It excluded any intention of its being a new notice, and cannot be a waiver of the notice already given.

The notice was sufficient. It does, in substance, request the removal of the pauper, for it states, that they shall continue to charge the expense of supporting the pauper to the defendants " until she is removed." It does also state the facts respecting the pauper, that she had become chargeable to the town as a pauper, and that they were supporting her at the expense of the defendants. This, however, is no new question, but has several times been before the Courts. Our statute, in this respect, is a transcript of the Massachusetts statute. The notice in *Quincy* v. *Braintree*, 5 Mass. R. 86, was precisely like this, and was held good. The same point was also decided in 1 Mass. R. 518 and 459; 8 Mass. R. 104; 8 Pick. 388; 10 Pick. 150.

The support of paupers depends entirely upon statute provisions, and no rights can be enforced without complying with them. The one, which the defendants contend is an odious estoppel, is no more so, than any other provision of the pauper law. 4 Mass. R. 180 and 273 ; 7 Mass. R. 467.

As the pauper was in distress and in need of relief in Kennebunkport, and the relief was furnished, and notice given, and no answer, a *prima facie* case was made out for the plaintiffs. It was then for the defendants to move by proving the settlement of the pauper to be in the plaintiff town. The nonsuit, therefore, was rightly refused.

The instruction was clearly correct. The words of the statute are, *five years together*, of the instruction, *five full years*. They mean precisely the same thing. In other respects, the instruction is in the words of the statute.

The opinion of the Court was drawn up by

TENNEY J. — Overseers of the poor in their respective towns

are required to provide for the immediate comfort and relief of all persons residing or found therein, not belonging thereto, but having their settlement in other towns, when they shall fall into distress, and stand in need of immediate relief, and until they shall be removed to the places of their lawful settlements; the expenses whereof, incurred within three months next before written notice given to the town to be charged, as also for their removal or burial in case of their decease, may be sued for and recovered by the town incurring the same in an action at law. Rev. Stat. c. 32, § 29.   The written notice required, as preliminary to the commencement of the suit, is the same with that, which it is necessary to give, before resort is had to any mode provided by the statute in section 35, shall state the facts relating to any person, actually become chargeable to the town, to one or more overseers of the place where his settlement is supposed to be, and request them to remove him. Sect. 42.   If the overseers of the poor of the town to whom the notice is sent do not cause the removal, as requested within two months after receiving such notice, they shall within that time, send a written answer, stating therein their objections to the removal of the pauper; and in default of sending such answer, the town shall be barred from contesting the settlement with the plaintiff, in such action.    Sect. 43.

The notice should contain the substance, of that which the statute requires, but no particular form is necessary.   The name of the person for whom relief has been afforded should be given, or be so designated, that it would be understood who was intended.   ·" The facts relating to the person," are those which are important to be known of him, as a pauper, by the town notified; the request of removal is clearly implied from a statement, that the whole expense incurred, and that which was expected to arise afterwards, was claimed till removal. The object of the statute is to give the town attempted to be charged, information that the relief and expense will fall upon them.   The letter of notice of Feb. 1, 1843, was as full and particular, as those which have been held sufficient.   *Quincy* v. *Braintree,* 5 Mass. R. 86; *Westminster* v. *Bernardstown,*

Kennebunkport *v.* Buxton.

8 Mass. R. 104; *Ware* v. *Williamstown,* 8 Pick. 388; *Uxbridge* v. *Seekonk,* 10 Pick. 150.

Was the effect of the notice of Feb. 1, 1843, waived by that of the 15th of the following April? The second notice can be construed to mean nothing more, than to remind the overseers of the poor of Buxton of the amount of the expense, which they claimed to be entitled to receive, in consequence of its being incurred for a pauper of Buxton and a notice, which they reported as given on Feb. 1, 1843; and a request that they would make provision for its payment. It does not purport upon its face to be the notice required by Rev. Stat. c. 32, § 42, but by the terms used, they rely upon the former as being legally sufficient, to render the town of Buxton liable for those expenses, which had been incurred for three months next preceding its date, as well as afterwards. The second notice was evidently not intended as a waiver of the first, and it cannot be so regarded in law.

The notice of the 1st of February having all the validity, which the statute contemplates, that a notice should have, was not answered till more than two months after it was received, and therefore the defendant town is not entitled to show that the settlement of the pauper was in any other town than Kennebunkport.

The instruction of the Judge, that in order to gain a settlement in the town of Kennebunkport, of the supposed pauper under the sixth mode, provided in the statute, that she must be proved to have dwelt and had her home in that town five full years in succession, since March 21, 1821, without receiving supplies from any town, was warranted by the statute, and consistent with all the decisions upon the subject, of this State, and Massachusetts, under similar provisions. In the seventh mode of gaining a settlement, c. 32, § 1, Rev. Stat. it is provided, that any person, resident in any town on the 21st day of March, 1821, and who had not within one year previous received supplies or support as a pauper, from any town, shall be deemed to have a settlement in the town where he dwelt and had his home. Here it is manifest that being " resident," and

"having his home," mean the same thing. And where residence is mentioned in the preceding mode of gaining a settlement, it was intended to have the same force as dwelling and having his home. A residence of five *full years*, does not exclude the idea, that the person having it, might have been absent for a longer or shorter period at different times for business or pleasure. It might have been so, and his residence, or dwelling, or home, might notwithstanding continue.

*Exceptions overruled.*