STOVER RINES, Respondent,

*vs.*

GARRETT B. BOYD, WILLIAM A. BARSTOW and ED-
WARD M. HUNTER, Respondents.

APPEAL FROM THE ROCK CIRCUIT COURT.

The statute of 1853 in relation to change of venue, takes away all discretion from
the court or judge, and upon the proper application the change of venue
should be granted.

The effect of the application for change of venue, under the statute of 1853, is to
deprive the judge or court of further jurisdiction of the case.

Sections 302, 303 and 304 of the code do not repeal or modify the act of 1853.

The proceeding for a change of venue under the act of 1853 is a proceeding
*sui generis,* outside of the regular course of procedure in the trial of a cause,
and is not regulated or taken away by the code.

The proceeding for change of venue under the act of 1853, is a special proceed-
ing, founded upon petition and not upon motion, and therefore eight days' no-
tice is not required.

Reasonable notice is all that is required.

The case of Baldwin vs. Marygold, 2 Wis, Rep., 419, approved.

Action on a bond made by Boyd principal and, Barstow
and Hunter as sureties, commenced by the respondent
against the plaintiffs.

The cause being at issue at the June term, A. D. 1858, the
defendants, upon affidavit of the defendant Boyd, moved for
a continuance of the said cause, which was overruled. After-
wards, in said term, on the 23d day of June, the counsel for
the defendants applied to the court for a change of venue in
said case, upon the following petition signed by Boyd and
Hunter, and duly verified by affidavit:

" That your petitioners verily believe that the Hon. John
M. Keep, Judge of circuit court for said county of Rock, is

so prejudiced against them that they cannot expect a fair trial of this action in said county of Rock.

" Your petitioners further say that they fear that they will not receive a fair trial in said county of Rock, where this cause is pending, on account that the Hon. John M. Keep, Judge of the circuit court of said county, is prejudiced against your petitioners, and in favor of the plaintiffs above named.

" Wherefore, your petitioners pray this honorable court to award a change of the place of trial of this action from said county of Rock to some county where the causes above complained of do not exist, and your petitioners will ever pray."

Notice to show cause why the prayer of the said petition &c., was given to the opposite counsel then in court on the 21st for hearing on the 23d day of June.

The plaintiff's counsel objected to the application, on the ground that eight days notice had not been given for the hearing thereof. The court sustained the objection and the defendants excepted.

The defendants then applied to the court for an order that the plaintiff forthwith show cause why the place of trial should not be changed in pursuance with the prayer of said petition, which was refused, and the defendants excepted.

The counsel for the defendants then asked the court for a postponement of the trial until eight days notice of such application could be given, which the court denied and the defendants excepted.

The cause then came on for trial, and the plaintiff obtained judgment for $5,184 72 ; to all of which the defendants excepted, and appealed.

*S. Park Coon and H. L. Palmer*, for Appellants.

*J. R. Bennett and M. H. Carpenter*, for Respondents.

Rines vs. Boyd et al.

*By the Court*, SMITH J. The petition set forth in the bill of exceptions in this case seems to be in strict conformity with the statute, and we do not perceive why the circuit judge should have hesitated to grant the prayer thereof. The statue of 1853, it would seem, takes away all discretion of the judge in cases of this kind. Those conversant with the history of the times and the construction put by the courts upon the provisions of chapter 95, § 1, of the revised statutes of 1849, by which the judge was held to be obliged to decide upon the fact of his own prejudice, know, that the very object of the last act was to relieve the judge from that delicate duty, and to make it imperative upon him to remove the case wherein the prescribed petition should be properly presented. This matter was so decided by this court in the case of *Baldwin vs. Marygold*, 2 Wis., 419.

But it is contended that §§ 302, 303 and 304 of the code of procedure have repealed or modified this last act of the legislature. But such cannot be the fact. There are no repealing words affecting the provisions of that act. The proceeding for a change of venue under the act of 1853, and of the revised statutes of 1849, is a proceeding *sui generis*, outside of the regular course of procedure, and adopted by the legislature for the supposed greater security of suitors.

We are not disposed to pronounce it unwise; certainly it is not unconstitutional, and assuredly it is imperative because it is unrepealed.

The code, therefore, having no relation to the case, we are only required to ascertain whether the petition of the appellants met the requirements of the provisions of the statute bearing upon the subject. It should be remarked as before observed, that this proceeding is not one occurring in the regular and ordinary prosecution or defense of a cause. It is essentially distinct in its character, interrupting and transfer-

Rines vs. Boyd et al.

ring the prosecution or defense to another forum. It is not founded upon motion, but upon petition, and the statute being special, having reference to this special proceeding, it is difficult to perceive how the provisions of the code, which were designed to prescribe an uniform rule of practice for all cases, can apply here, especially as the special statute was not repealed by the code in terms, and both may well stand together.

But it is claimed that the application for change of venue should have been upon eight days' notice. The special statute applicable to cases of this kind requires that reasonable notice should be given to the adverse party. In *Baldwin vs. Marygold*, before cited, we had occasion to pass upon the question of reasonable notice, and to decide the precise question in point here. We there said, " Reasonable notice is all that is required, and when a petition of this kind is presented in open court, in the presence of the attorney or counsel of the adverse party, it is sufficient notice of the filing." If the adverse party should desire time to interpose an objection, or to dispute the regularity or conformity of the proceeding with the statute, he should apply in the usual form.

When the application is made in vacation, a different rule prevails, as stated in the case last cited.

In this case all the parties were in court, the application was made in open court in presence of both parties ; no time was asked to prepare for the hearing or examining of the petition. The case just cited from 2 Wis., Rep., is conclusive upon this, and the judgment must therefore be reversed.

Judgment reversed with costs and cause remanded.