RUNALS vs. BROWN.

APPEAL FROM CIRCUIT COURT, WALWORTH COUNTY.

Heard March 9.]                                    [Decided June 4, 1860.

### Place of Trial.

Where a party applies for a change of the place of trial on account of the prejudice of the judge, in accordance with the statute, the change must be ordered.

*Rines vs. Boyd, et al.,* 7 Wis., 155, considered and approved.

This was an action commenced by Eli G. Runnels against Chas. C. Brown, to recover the amount due upon several promissory notes. The summons was served on the 24th of May, and the complaint filed the 10th of June, 1859. The answer was served and filed the 28th of June. On the 4th of November, Brown served a notice of a petition for a change of venue, which was brought on on the 16th, and denied. The petition was sworn to, and was as follows : "The petition of the above named defendant respectfully shows to the court that your petitioner verily believes that Hon. David Noggle, judge of the circuit court for said county of Kenosha, is so prejudiced in favor of the plaintiff, that this defendant cannot expect a fair trial of this action in said county of Kenosha. Your petitioner further says, that he fears that he will not receive a fair trial in said county of Kenosha, where said action is now pending, on account that the Hon. David Noggle, judge of the circuit court of said county, is prejudiced against your petitioner, and in favor of the plaintiff above named, so

that your petitioner cannot receive a fair trial in said county. Wherefore your petitioner prays this honorable court to award a change of the place of trial of this action, from said county of Kenosha, to some county where the causes above complained of do not exist, and your petitioner will ever pray."

The defendant then left the court, and the cause was tried by a jury, and verdict and judgment rendered for the plaintiff for $3,090,02; from which the defendant appealed.

*Coon & Lee,* for the appellant.

*J. J. Pettit,* for the respondent.

*By the Court,* Cole, J.   This case must follow the decision in the case of *Rines vs. Boyd et al.,* 7 Wis., 155. We there held that it was the imperative duty of the circuit court to remove the cause when the prescribed petition was presented.   It is true the application in that case was made under chapter 51, General Laws, 1853, but that statute has been substantially embraced in chapter 123, R. S., under which the application in the present case was made.   The petition for the change of the place of trial was in conformity to the statute, and the application *should have been granted.*

The judgment of the circuit court must be reversed, and the cause remanded for further proceedings, in accordance with this decision.