THE BOARD OF SUPERVISORS of Jefferson County vs. THE BOARD OF SUPERVISORS of Milwaukee County.

*Change of place of trial—Interest of the judge.*

1. Where a claim in favor of J. county against M. county for $652 had been disallowed by the board of supervisors of the latter, and an appeal taken to the circuit court of M. county; *Held*, that a motion for a change of the place of trial should have been allowed, on the ground of interest of the judge, under sec. 7, ch. 123, and sec. 23, ch. 119, R. S.

2. If no objection had been taken to said circuit judge sitting in the cause, or it had been necessary for him to do so to prevent a failure of justice, this court would have held him competent, his interest in the subject matter of the action being minute.

APPEAL from the Circuit Court for *Milwaukee* County. The case is stated in the opinion.

*Myron B. Williams*, District Attorney for Jefferson county, and *Henry F. Prentiss*, of counsel for the appellant, cited sec. 23, chap. 119, and sec. 7, chap. 123, R. S.; *Rines v. Boyd*, 7 Wis., 155; *Runals v. Brown*, 11 id., 185; *Hungerford v. Cushing*, 2 id., 397; *Oakley v. Aspinwall*, 3 Coms., 547; *Place v. Butternuts Man. Co.*, 28 Barb., 503; *Washington Ins. Co. v. Price*, 1 Hopk., 1; *Jewell v. Albany City Bank*, Clarke, 179.

*J. P. C. Cottrill*, for respondent:

The statute provides that this appeal from the supervisors shall be taken to the circuit court of the same county. It cannot be taken elsewhere; and such appeals are very common. The inability of a judge to sit in a cause in which he is interested is a positive prohibition; and it would be singular that the legislature should provide that an appeal should be taken to a particular court only, and at the same time provide that the judge of that court should not try the case if it should happen that he was a taxpayer in the county. *Hungerford v. Cushing*, 2 Wis., 397; *People v. Edmonds*, 15 Barb., 529; *Baldwin v. McArthur*, 17 Barb., 414.

COLE, J. This is an appeal from an order refusing to change the place of trial. The action in the circuit court was an appeal from the decision of the board of supervisors of Milwaukee county, by which an account, amounting to the sum of $652.41, in favor of Jefferson county and against Milwaukee county, was disallowed. The application for a change of the place of trial was based upon several grounds, the principal one of which was, that the circuit judge, being an inhabitant and taxpayer of Milwaukee county, was interested in the subject matter of the action adversely to the plaintiff. Our statute provides that whenever the judge is a party, or is interested in the matter in controversy, in any action pending before him, or is related to or has been of counsel for either party, the court in term time shall, upon the application of either party, and may without such application, change the place of trial. Section 7,

ch. 123, R. S. And sec 23, ch. 119, further provides that no judge shall be directly or indirectly interested in the costs of any action that shall be brought in the court of which he is a judge, except in those actions in which he shall be a party or be interested. The circuit judge, therefore, being an inhabitant and taxpayer of Milwaukee county, it is contended, had a direct pecuniary interest in the subject matter of the action, and if not disqualified from trying it upon general principles of natural justice and of the common law, is prohibited from adjudicating the cause by the above provisions of the statute. The circuit judge was doubtless interested, like every other citizen and taxpayer of Milwaukee county, in saving his county from all the taxes and expense possible; and the question is, should this fact disqualify him from trying this cause on account of interest? In view of our statute we are inclined to the opinion that the circuit court should have granted the application for a change of the place of trial. It is true, the interest of the circuit judge was minute, *and had no objection been taken to his sitting in the cause, or had there been a necessity that he should act notwithstanding this interest, in order to prevent a failure in the administration of justice, we should then have deemed him competent.* The judges of this court have frequently decided causes in which the city of Madison was a party, or where the question as to the validity of state taxes, or some liability of the state, was involved. And it is obvious that from necessity they must have acted in such causes, to prevent a failure of justice. But no such necessity existed in this case; and since a change of the place of trial was asked for because the circuit judge was interested, we think the application should have been granted. See the cases of *People v. Edmonds*, 15 Barb., 529; *Baldwin v. McArthur*, 17 id., 414, referred to by respondent's counsel; and also *Commonwealth v. Ryan*, 5 Mass., 89; *Pearce v. Atwood*, 13 id., 324; *Hill v. Wells*, 6 Pick., 104, 109.

*By the Court.*—The order of the circuit court is reversed, and the cause remanded for further proceedings