## WOLCOTT VS. WOLCOTT and others.

CHANGE OF VENUE. (1, 2) *When affidavit by one of several parties suffi-
cient.* (3, 4) *Formal parties and those in default not allowed to defeat
application.* (5) *Authority conferred upon judge at chambers.* (6) *Prac-
tice.* (7) *Order appealable.* (8) *Jurisdiction, when lost.* (9) *Record.*

1. Where *all* the plaintiffs, or all the defendants, join in applying for a
change of venue on account of prejudice of the judge, an affidavit
of prejudice by *one* of them is sufficient.
2. Where the interests of some of the defendants are in accord with those
of the plaintiffs, or otherwise hostile to those of their codefendants,
*it seems* that the statute should not be construed to require such de-
fendants to join with their codefendants in such an application, to
make it effectual.
3. Merely *formal* parties defendant, also, or those having no real interest
in the subject matter of the suit, should not be allowed to defeat such
an application made by the other defendants.
4. Such application, made by defendants who *have appeared* to the action,
should not be denied because not joined in by one who has not ap-
peared, but has made default.
5. The legislature may authorize a judge at chambers to make an order
changing the place of trial of an action.
6. The practice of moving the court to vacate such chamber order, by
the party dissatisfied therewith, is strictly regular.
7. An order of the county court refusing to vacate such chamber order is
*appealable.*
8. If, after the making of such chamber order, directing a change of the
place of trial to the *circuit* court, the record is transmitted to the
latter court *before* any motion is made in the county court to vacate
such order, the county court loses jurisdiction.
9. Where, on appeal from an order of the county court, refusing to vacate
such a chamber order, the record is sent up from that court to this,
it is inferred that the same remained in said court until appeal
taken.

APPEAL from the County Court of *Milwaukee* County.

The action was brought by the plaintiff as a judgment cred-
itor of the defendant *Erastus B. Wolcott*, to enforce the collec-
tion of his judgment out of property alleged to have been con-

veyed by the judgment debtor, in fraud of his creditors, to the defendants *Douglas D. Wolcott* and *Marion J. Yates.* The defendant *Theodore Yates* is the husband of the said *Marion.* It is understood that the defendant *Erastus B. Wolcott* had not appeared in the action, and was in default for failure to answer, when the order changing the place of trial, hereinafter mentioned, was made. The other three defendants interposed a joint answer to the complaint.

On the joint application of the three defendants who had answered, founded upon the affidavit of but one of them, of the prejudice of the judge of the county court, due notice of motion having been served upon the attorneys for the plaintiff, the judge made an order, at chambers, changing the place of trial of the action to the circuit court.

The affidavit upon which such motion was founded and such order made, is as follows (omitting the entitling thereof and the jurat):

" MILWAUKEE COUNTY, ss.—*Douglas D. Wolcott*, being duly sworn, says that he is one of the defendants above named, and makes this affidavit on his own behalf, and on behalf of his codefendants *Theodore Yates* and *Marion J. Yates*, and that he verily believes that the judge of the county court of Milwaukee county is prejudiced against him and against his codefendants *Theodore Yates* and *Marion J. Yates*, and that this deponent fears that he and his codefendants *Theodore Yates* and *Marion J. Yates* will not receive a fair trial herein on account of the prejudice of the judge of said court, and prays that the place of trial may be changed to the circuit court of Milwaukee county, according to law.          DOUGLAS D. WOLCOTT."

The plaintiff afterwards, upon due notice, moved the county court to vacate the order so made by the judge changing the place of trial; and appealed from the order of the court denying such motion.

*Carpenter & Murphey* and *E. G. Ryan*, for appellant, to the point that the order was appealable, cited *Hungerford v.*

Wolcott vs. Wolcott and others.

*Cushing,* 2 Wis., 397; *Bank v. Tallman,* 15 Wis., 92. The statute providing for change of venue requires the belief and oath of the party. This means the belief and oath of the plaintiff or defendant, where single, or, if there are several, the belief and oath of all. R. S., ch. 122, sec. 9, and ch. 5, sec. 1. Had the legislature intended to give the right to a single plaintiff or defendant, where there are several, the statutes would have read: " Whenever any of the parties," etc. But it gives the right to a party only ; that is, the party defined by section 9, chapter 122. And this appears to be the rendering of the statute by this court in *Bank v. Tallman, supra.* It would be a most mischievous extension of the scope of the statute to hold that the application rests, not on the conscience and oath of the party, but on the conscience and oath of an individual, a personal fraction of the party. The statute deposes the conscience of the the judge, not in favor of the single conscience of one of several plaintiffs or defendants ; it requires the judicial conscience to give way only to the aggregate conscience and oath of either party, plaintiffs or defendants. At the most, so far as the affidavit is an application for *Yates* and his wife, the affiant *Wolcott* can only be held as their agent, and it is the party who must fear, and not the agent, even if an agent could make the application. But an agent can not make the application. *Bank v. Tallman, supra.* See upon the whole subject, *State v. Wetherford,* 25 Mo., 439.

*Davis & Flanders* and *Palmer, Hooker & Pitkin,* for respondents, contended, first, that, from the moment the order changing the place of trial was made, the judge of the county court and the court itself lost all jurisdiction of the case. *Hopkins v. Gilman,* 23 Wis., 512; *Fisk v. R. R. Co.,* 41 How. Pr., 365; *Legg v. Overbagh,* 4 Wend., 188; *Dresser v. Brooks,* 2 Coms., 559. 2. The object of the statute being to secure an impartial trial, it should be construed liberally and not strictly. To require all the parties on one side of a case to join in an affidavit of prejudicet o secure a change of venue, would be pro-

ductive of great hardship.    Such a construction would be peculiarly harsh in this case, since it would be necessary to have *Erastus B. Wolcott*, the defendant in default, join in the affidavit of prejudice, when his interest in defense of the action is not sufficient to induce him to enter an appearance, and the answer charges that he is interested in plaintiff's success, and that he and the plaintiff have entered into a conspiracy to defraud the other defendants of the property in controversy.    3. Where the application is made in conformity with the statute, for a change of venue on the ground of prejudice of the judge, the court has no right to refuse it; and if it does refuse it, an appeal will lie.    But if the order changing the venue is made, an appeal will not lie.  *Johnston v. Reiley*, 24 Wis., 494; *Reed v. Lueps*, 30 Wis., 561; *State v. Ostrander*, 18 Iowa, 435; *Kelly v. Downs*, 28 Ill., 74.    4. The construction of the statute contended for by respondents is one which similar statutes have received in this and other states.  *Rines v. Boyd*, 6 Wis., 155; *Burke v. Mayall*, 10 Minn., 287; *Commercial Insurance Co. v. Mehlman*, 48 Ill., 313.

LYON, J.   The statute which we are required to construe is as follows: "Whenever any party in any civil action pending in any court of record, shall apply to the court, or the judge thereof, for a change of the place of trial of such action, on account of the prejudice of the judge of such court, and shall verify such application by his oath or affidavit, the court or the judge thereof shall change the place of trial of such action." R. S., ch. 123, sec. 8, as amended by laws of 1862, ch. 206. (Tay. Stats., 1424, § 10.)

The precise question to be determined is, Was the place of trial properly changed upon the application of the three defendants who had answered, based upon the affidavit of but one of them of the prejudice of the judge, the defendant who was in default not joining in the application?

In *Goodno v. Oshkosh*, 31 Wis., 127, I was constrained to dis-

sent from the opinion of my brethren upon a question relating to a change of venue for alleged prejudice of the judge; and I there took occasion to express my views, to some extent, upon the character of the law which authorizes such change. A reference to that opinion will demonstrate that there is but little room for argument between the learned counsel for the plaintiff and myself, as to the policy and propriety, or rather the impolicy and impropriety, of that law in its present form. But however odious the statute may be, it is a valid enactment, remedial in its object and character, and must be construed with reasonable liberality to effect the purpose which it was intended to accomplish. Such purpose was, obviously, to relieve a party who makes affidavit that he fears the judge of the court in which his cause is pending is prejudiced against him, from being compelled to try his cause before such judge.

Where there is but one plaintiff or one defendant making the affidavit and application, or where there are several plaintiffs or several defendants, all of whom join therein, there can be no difficulty. In all such cases the change of venue must be awarded. But cases may arise in which some of the plaintiffs or some of the defendants make the application, and the balance of them are opposed to the application, or do not join therein. What is the proper rule in such case?

Suppose one of two plaintiffs makes the required affidavit of the prejudice of the judge, and applies for a change of the place of trial, and the other plaintiff does not join in the application, but prefers that the case be tried in the court in which it was commenced. In such case the rights of the plaintiff who does not join in the application are certainly equal to those of his coplaintiff, and it seems very clear that the statute ought not to be so construed as to give the latter the control of the action in this particular, to the exclusion of the former. But we do not think it essential that both plaintiffs join in the affidavit of prejudice. If the affidavit of one plaintiff shows that he fears that the judge is prejudiced against him, and the other plaintiff

joins in an application for a change of venue for that cause, we see no good reason why the application should not be granted. This seems to us to be the sound construction of the statute under consideration. The same rules will in general govern when the application is made by one or more of several defendants. Thus, where the application is made by all of the defendants, but based upon an affidavit of one of them alone, the affidavit being sufficient in form, the venue should be changed.

But a little reflection will suggest cases which may arise that are exceptional, and in which it may well be held that the nonjoinder of certain classes of defendants in the application ought not to defeat it. For example, a person may have an interest in the subject of the action, jointly with others, and be a proper party plaintiff to the action, but, withholding his consent to be named a plaintiff, he is made a defendant. (Tay. Stats., 1420, § 20.) The interests of such defendant are hostile to those of his codefendants, and in accord with the interest of the plaintiffs. We think that it would be a violation of the spirit and intent of the statute to permit such defendant to defeat the application of his codefendants for a change of venue, by refusing to join therein. Were it held otherwise, one of two or more persons interested in the subject of the action might refuse to join as a plaintiff for the purpose of being made a defendant, to enable him to defeat such an application thus made by his codefendants. Other cases might arise where the interests of one defendant might be hostile to those of his codefendants, although not in accord with the interests of the plaintiff. The foregoing views are applicable to such cases.

Again, for similar reasons, it would seem that merely formal parties, those who are made defendants because of their relations to some other party, or those who are supposed to have some interest in the subject matter of the litigation, when in fact they have none, should not, by refusing to join therein, be permitted to defeat an application for a change of venue made by the defendants in interest. Otherwise some convenient

Wolcott vs. Wolcott and others.

friend of the plaintiff might be made a defendant in almost any action, who could effectually deprive his codefendants of a right which the legislature evidently intended to give them.

We are further of the opinion, and so hold, that an application for a change of the place of trial for the prejudice of the judge, made by the defendants in an action, and which is otherwise sufficient, should not be denied merely because a defendant who has not appeared in the action and is in default, has not joined in the application.

The foregoing views are decisive of this appeal; and although several other points were discussed in the argument, it is only necessary to remark, in addition to what has already been said, that we perceive no valid ground for the suggested doubt that the legislature cannot confer upon a judge at chambers authority to make an order changing the place of trial of an action. Further, the practice adopted by the counsel for the plaintiff, in first moving the court to vacate the order made at chambers, is strictly regular; and the order of the court refusing to vacate such chamber order is appealable.  *Goodno v. Oshkosh*, 31 Wis., 127; *Bank v. Tallman*, 15 Wis., 92.

Had the record of the case been actually transmitted to the circuit court before the motion to vacate the judge's order was made, the county court would have lost jurisdiction.  Such has been the ruling of this court in former cases.  But inasmuch as the record has been returned to this court from the county court, by virtue of this appeal, it is inferred that it remained in the latter court until the appeal was taken.

Our conclusion upon the whole matter is, that the venue was properly changed; that the motion to vacate was properly denied; and that the order of the county court from which this appeal was taken, must be affirmed.

*By the Court.*— Order affirmed.