## SEEHAWER VS. THE CITY OF MILWAUKEE.

CHANGE OF VENUE *for prejudice of judge. When applicant's affidavit upon belief, conclusive, and when not so.*

1. Although the statute (R. S., ch. 123, sec. 8) gives a party to an action the right to a change of the place of trial on the ground that the judge *is* prejudiced, and not because such party *believes* or *fears* that he is so, yet when the application is made *to the judge whose prejudice is alleged*, although alleged only upon belief, the place of trial must be changed, the statute making the averment in such case conclusive proof.

2. Under sec. 5, ch. 362 of 1860 (as reënacted by sec. 1, ch. 280 of 1873), in an action commenced in the circuit court for Milwaukee county, if either party entitles himself to a change of the place of trial for any of the reasons mentioned in said statute, the action must be sent to the county court of the same county, "unless it shall appear" that one of the same objections exists to trying such action before the judge of the county court. *Held*, that the affidavit of the party to the prejudice of the county judge is *not conclusive* in such a case, but the averment is traversable and subject to be adjudicated by the circuit court.

3. No argument adverse to the foregoing conclusion can be drawn from ch. 95, R. S. of 1849; that statute having been repealed by sec 1, ch. 191, R. S. of 1858, although preserved in the appendix to that revision.

APPEAL from the Circuit Court for *Milwaukee* County.

The plaintiff, having taken an appeal to the circuit court from an assessment and award of damages and benefits made by the board of public works of the defendant city on account of some proposed public improvement, moved that court for a change of the place of trial to some other county. The ground of the motion, stated in the affidavit of the plaintiff upon which it was founded, is, that the plaintiff verily believes that the judge of the court in which the action was pending is prejudiced in favor of the city, "and that on account of such prejudice, deponent *fears* and *believes* that he will not receive a fair trial in said action in said circuit court." The affidavit also contains an averment, in the same language, of the prejudice of the judge of the Milwaukee county court. On

the hearing of the motion, an affidavit was read in opposition thereto, tending to show that the judge of the county court was not prejudiced in favor of the city, and that the fears of the plaintiff in that behalf were groundless.*

The circuit court made an order changing the place of trial to the county court of Milwaukee county. The plaintiff appealed from that portion of the order which directed the cause to be sent to the Milwaukee county court.

*F. W. Cotzhausen*, for appellant, argued that although the law of 1860 did not, in express terms, prescribe the manner in which the prejudice of the county judge should be made to appear, it was reasonable to suppose that the legislature intended the objection to the county court should be interposed at the same time, and be made to appear in the same manner, as the objection to a trial in the circuit court, and that ch. 101, Laws of 1862, was simply declarative of this intent; that the determination of the question of prejudice in the county judge,

---

*The affidavit here referred to is that of Emil Wallber, Esq., which states that he is, and for two years last past has been, city attorney of the *City of Milwaukee;* that the Hon. John E. Mann was appointed county judge of the county of Milwaukee in the early part of the year 1874; that since that time but one suit has been tried before said Judge MANN in which said city of Milwaukee was a party or interested, that being the suit of Margaretha Bludeau against said city to recover damages for injuries sustained by falling from the approach to a bridge into the river while said bridge was open; that said action was tried before the said county judge and a jury in June, 1875; that during said trial the affiant, who appeared for said city, moved for a nonsuit, which motion was denied by the court, and that afterwards the jury returned a verdict in favor of the plaintiff, and against said city; that " said county judge certainly did not show upon the trial of said action any prejudice in favor of said city;" that the affiant does not believe that said judge was or is so prejudiced in favor of said city; that in the case of *Charles H. Warner* against the *City of Milwaukee et al.*, pending in said county court, a demurrer interposed by said city to the complaint was overruled by said county judge on the day of the date of said affidavit; and that the affiant avers and verily believes that the plaintiff in this action is not acquainted with Judge MANN, and that he made the affidavit upon which a change of venue is sought to be obtained, at the request of his attorneys.

involved the exercise of a judicial function, the decision of a question of fact in the progress of the cause, by a judge shown upon the record to be prejudiced; and that for such a purpose he had no longer any jurisdiction. 15 Wis., 92, and cases there cited.

*Emil Wallber*, for respondent:

The right of removal is given by the statute, and cannot be broader or other than as therein prescribed. *Heath v. Mathiew*, 19 Wis., 114. The language of the statute admits of the exercise of a discretion so far as the judicial determination of the existence of any objection to the county court is concerned; and in the absence of other proof than the allegations of the applicant upon belief, the court would have been justified in refusing to send the case out of the county. *Frank v. Avery*, 21 Wis., 166. Not only does the statute authorize the exercise of such a discretion, but the same reason does not apply which refuses it to a judge to whom his own prejudice is alleged. The court exercised a sound discretion in this case. *Frank v. Avery, supra; Couillard v. Johnson*, 24 Wis., 533; *Rowan v. State*, 30 id., 134. The fact that the legislature reënacted the law of 1860 without reviving that of 1862, evinces an intention to require some other proof of the prejudice of the county judge than the affidavit of the party.

LYON, J. The law does not give a party to an action the right to have the place of trial changed " on account of the prejudice of the judge " (R. S., ch. 123, sec. 8), merely because the party *fears* or *believes* that the judge is prejudiced; but because he *is* prejudiced; and the fact that such prejudice exists must be made to appear, before the place of trial can lawfully be changed for that reason.

Yet, doubtless, it is sufficient, *prima facie*, to allege the prejudice on belief; because prejudice is a mental condition, and the party asserting it cannot, in the very nature of things, swear positively to its existence in the mind of the judge.

Should such prejudice be averred positively, in form, it would amount to nothing more than an averment thereof on belief. *Tainter v. Lucas*, 29 Wis., 375. Hence, when the application is made to the judge whose prejudice is alleged, although alleged upon belief, the place of trial must be changed, pursuant to sec. 8, *supra*, not merely because the party fears or believes that the judge is prejudiced, but because in such case the statute makes the averment conclusive proof that he is prejudiced.

It is clear, therefore, that the affidavit upon which the motion to change the place of trial was founded in the present case, was, for the purpose of the motion, conclusive of the prejudice of the circuit judge, although the averment of such prejudice is made on belief. The question to be determined is, whether it is also conclusive of the prejudice of the county judge. The answer to this question depends upon the construction of the following statutes relating to changing the place of trial of actions pending in the circuit and county courts of Milwaukee county: Laws of 1860, ch. 362, sec. 5; Laws of 1862, ch. 101, sec. 1; Laws of 1868, ch. 37, secs. 2 and 3; Laws of 1873, ch. 280, sec. 1. The first of these acts is now in force; and it required the circuit court to send this cause to the county court, unless it was made to appear, not merely that the plaintiff feared or believed that the county judge was prejudiced, but that he was prejudiced in fact. If the legislature intended that the averment thereof on belief should be conclusive evidence of the prejudice, nothing was easier than to say so in plain and unmistakable language. It is fair to presume that, had the legislature so intended, sec. 5 of the act of 1860 would have been framed like sec. 8, ch. 123, R. S. That is to say, in such case it would have been expressly provided in the act, that if the applicant made affidavit to the prejudice of the county judge as well as to that of the circuit judge, the cause should be sent to another circuit. But no such language is employed. On the contrary,

language is employed which shows a manifest intention by the legislature that the averment of the prejudice of the county judge shall be adjudicated and determined by the circuit court, like any other traversable averment of fact.

This view is strengthened by the amendatory act of 1862, *supra*, which provided that the prejudice of the county judge, because of which the circuit court was required to send the cause to another circuit, instead of sending it to the county court, should be "made to appear *by the affidavit of a party to the action* at the time of the application for such change of the place of trial." Had the act of 1862 remained in force, the circuit court should have sent the case to another circuit; for it is clear that under such act, the affidavit would, for the purposes of the motion, have been conclusive of the existence of the alleged prejudice. But that act was expressly repealed by the law of 1868, *supra*, and the original sec. 5 of the law of 1860 reënacted by ch. 280, Laws of 1873. It is manifest that the legislature believed that the act of 1860 prescribes a different rule on this subject than was prescribed by the act of 1862. Had it desired that the affidavit of the prejudice of the county judge should continue to be conclusive of the fact, the legislature would, doubtless, have retained or restored the act of 1862.

An argument on behalf of the appellant, adverse to some of the views above expressed, was drawn from the phraseology of ch. 95, R. S. of 1849. That chapter was repealed by sec. 1, ch. 191, R. S. of 1858, and although it is preserved in the appendix to that revision (p. 1055), and appears in Judge Taylor's compilation (p. 1425, §§ 14–16), we are not advised that it has been reënacted.

We conclude that, although the affidavit of the prejudice of the circuit judge deprived the circuit court of jurisdiction to try and determine the action, it did not deprive that court of jurisdiction to hear evidence and determine whether the county judge was also prejudiced. The circuit court exercised

such last mentioned jurisdiction, and, on the evidence before it, we think decided the question correctly.

*By the Court.* — Order affirmed.