## Rupp vs. Swineford, imp.

*Change of venue. Construction of statutes.*

1. In *actions at law*, a change of venue for the prejudice of the judge cannot be had upon the application of *some only* of several defendants, whether joining or severing in their defenses.

[2. *It seems* that, in *all* actions, some of several *plaintiffs* cannot change the venue without the concurrence of all.]

3. There is no rule of construction requiring the same meaning to be given to the same word used in different connection in different statutes. And the word "party" in the statute relating to change of venue, is held to signify all the defendants or all the plaintiffs in an action, although each

of several defendants, severing in their pleadings, and setting up essentially different defenses, is held to be a "party" within the meaning of the statute relating to challenging of jurors. *Hundhausen v. Atkins*, 36 Wis., 518.

4. An attempt to control the venue by making collusive defendants would be a fraud upon the law, which would probably avail nothing when made to appear.

APPEAL from the Circuit Court for *Fond du Lac* County. Action against *Swineford* as author, and Watrous and Kutchin as publishers, of an alleged libel. *Swineford* having demurred, and his codefendants having answered, the former moved for a change of the place of trial, upon his affidavit that the judge of the above named court was prejudiced against him. The motion was denied, and *Swineford* appealed.

A brief for the appellant was filed by *Priest & Carter*, and the cause was argued orally on that side by *De W. C. Priest*, who contended that the language of sec. 8, ch. 123, R. S. ("whenever *any party* in any civil action" shall apply, etc., etc., "and shall verify such application by *his* oath or affidavit," etc.), imports that upon a proper application of *any one of several* parties plaintiff or defendant, the court shall change the place of trial. 36 Wis., 518. If the language were, "whenever *either party*," etc., there might be reason for a different construction. Where there are several parties defendant whose interests are not identical (as in this case), the affidavit of one should be sufficient to secure him an impartial trial by a removal, though his codefendants may refuse to join in the application. It might often happen that a defendant having the principal interest at stake in the trial would be the only one who could make, or desired to make, the affidavit.

The cause was submitted for the respondent on the brief of *Eldredge, Thorp & Hurley*, who relied on *Wolcott v. Wolcott*, 32 Wis., 63.

RYAN, C. J. The defendants had a right to sever in their pleadings; and the court below has discretion to allow them

separate trials. Ch. 132, sec. 9, R. S. But the action cannot be severed. It is indivisible, because there can be but one judgment in it. *Hundhausen v. Bond*, 36 Wis., 29. Two courts cannot entertain concurrent jurisdiction of one cause, or concur in rendering one judgment. A change of venue cannot cut an action in two, carrying part with it and leaving part behind. And the question before us is, whether one of several defendants is entitled to change the venue of the whole action, without the concurrence of his codefendants.

In *Wolcott v. Wolcott*, 32 Wis., 63, it was held, in a suit in equity, that a change of venue might be had on the application of all the defendants defending the suit, without the concurrence of one not having a common interest, not defending, and in default. It is there said that the same rule might apply to the nonconcurrence of a formal and even of a hostile defendant. It is obvious that these suggestions apply peculiarly to equitable suits; and indeed the rule of that case does. For, in actions at law, especially of tort, there cannot well be formal defendants; and even defaulting defendants have a right to be heard on the question of damages.

It is said, however, in that case, that some of several plaintiffs cannot change the venue without the concurrence of all. So we all think now. And we hold that the same rule applies to defendants in actions at law, whether joining or severing in their defenses. The statute gives the right to a party plaintiff or defendant, not to one of several plaintiffs or defendants. Changes of venue may sometimes be hard upon the opposite party; they might be hard upon both parties if they should go upon the application of a single plaintiff or defendant, where there are several, against the will of his coplaintiffs or codefendants. The rule which we adopt is sanctioned by *Sailly v. Hutton*, 6 Wend., 508. And, for reasons already indicated, we cannot concur in the exception which seems to be recognized in *Welling v. Sweet*, 1 How. Pr., 156.

It is true that we have held that each of several defendants,

severing in their pleadings, and setting up essentially different defenses, is to be considered a party within the meaning of sec. 37, ch. 118, R. S., for the purpose of challenging jurors. *Hundhausen v. Atkins*, 36 Wis., 518. But none of the reasons applying in that instance are sufficient to overcome the difficulties in this. And there surely is no rule of construction requiring the same meaning to be given to the same word, used in different connection in different statutes. We must give a reasonable construction to the word *party*, as to any other word, in view of the connection in which it is used, as often as it occurs.

It is indeed possible, in actions *ex delicto*, and even in actions *ex contractu*, for plaintiffs to attempt control of the venue by making collusive defendants. That would be a fraud upon the statute, which would probably avail nothing when made to appear (*Blake v. Raemisch*, 26 Wis., 586), and cannot properly influence the construction of the statute itself.

*By the Court.* — The order of the court below is affirmed.