HEWITT and others vs. FOLLETT, imp.

*January 14 — February 8, 1881.*

GARNISHMENT: PARTIES: CHANGE OF VENUE: WAIVER OF ERROR. *(1) Principal defendant not a party under former statute. (2) Change of venue for prejudice of justice. (3) Error in refusing such change not waived by going to trial.*

1. Under the statute as it formerly existed in this state, where proceedings in garnishment were had in aid of an execution, the judgment defendant was not a party thereto.

2. The garnishee in such a case filed an affidavit that his indebtedness, if any, to the judgment defendant arose out of a certain contract, and that one X. claimed such indebtedness as due to her, said X., and not to such judgment defendant; and upon this affidavit the court directed X. to be made a party defendant. *Held*, that the real parties in interest upon the issue then first to be tried were the plaintiffs and X.; and upon X's

sole application, based upon her affidavit of the prejudice of the judge, in the form required by the statute, she was entitled as a matter of right to have the place of trial changed.

3. The fact that after her motion for change of venue was denied, X. went to trial upon the merits, was not a waiver of her right to such change; and on her appeal from a judgment virtually deciding against her on such issue, this court reviews the order denying her motion for a change of venue, as an order involving the merits and necessarily affecting the. judgment, within the meaning of sec. 3070, R. S.

APPEAL from the Circuit Court for *Clark* County.

The case is thus stated by Mr. Justice TAYLOR:

"The plaintiffs in this action were the assignees of two judgments against the defendant George I. Follett. Executions were issued upon these judgments, and James O'Neill was summoned as garnishee, upon the affidavit of the plaintiffs alleging that he was indebted to George I. Follett, the defendant in the executions. The garnishee appeared and was examined. The plaintiffs were not satisfied with his answers, and gave notice that they took issue upon them, and demanded that the case should stand for trial. After this, ONeill made an affidavit stating that the indebtedness, if any, for which he was sought to be charged as garnishee of George I. Follett, arose out of the contract set out in his answer; that such indebtedness, as he was informed and believed, was claimed by *Eliza W. Follett*, wife of the said George I. Follett, to be due to her, and that she threatened to bring an action at law against him to recover the balance claimed to be due her on such contract; that he was also informed and believed that the plaintiffs claimed that whatever balance might be found due from him on such contract, was subject to be applied in payment of the debts of said George I. Follett, and that *Eliza W. Follett's* claim to said balance was fraudulent as to her said husband's creditors; and that he desired said *Eliza W. Follett* to be duly notified, and be required to come in as a party defendant in the garnishee action and maintain her right to the money due on such contract.

"Upon such affidavit, and on motion of the garnishee, the court made an order requiring *Eliza W. Follett* to appear and assert and maintain her rights in this action to the claim made against said O'Neill as garnishee, and provided for service upon her. After such order was made, the appellant, *Lide W. Follett*, who is the same person named as *Eliza W. Follett*, appeared in such action by her attorneys and filed an answer, which alleged that the money due from O'Neill, the garnishee, upon the contract referred to by him in his answer, was her separate property, and that George I. Follett never had any interest in or claim to the same or any part thereof; and also alleged that there was a certain amount due to her on the contract; that she had placed the same in the hands of her attorneys, who had filed a petition for a lien for the amount she claimed to be due thereupon, against the property of the said garnishee; that her attorneys had commenced an action in her name against the said garnishee, O'Neill, in the circuit court for Clark county, for the foreclosure and enforcement of her lien, and to recover the amount due her on said contract; and that such action was then pending and undetermined. She also charged, upon information and belief, that the garnishee proceedings were instituted solely to delay her in the recovery from said O'Neill of the amount due her on the contract, and that said O'Neill connived thereat, and procured the same to be commenced to delay and hinder her in the collection of said demand; and she prayed judgment that the plaintiffs take nothing by this action; that the action be dismissed and she be relieved from further costs or expenses therein; that she should not be delayed in the prosecution of her action against the said O'Neill; and that she have such other or further relief as might be proper in the premises, and have judgment for her costs.

"After the filing of this answer, the garnishee filed a new answer as garnishee, denying more particularly that there was anything due on the contract, and setting up divers offsets and

counterclaims against the claim of either *Lide W. Follett* or George I. Follett on the contract set out in his first answer. To this new answer the plaintiffs made a reply, but *Mrs. Follett* made no further answer or reply.

" *Mrs. Follett* then made an affidavit of the prejudice of the circuit judge, and gave notice that upon such affidavit she would apply for a change of the place of trial, as provided by law. The following is a copy of the affidavit:

(Title of the cause.)

" 'State of Wisconsin, } ss.
" '*Marathon County*,

" '*Lide W. Follett*, being duly sworn, says that she is one of the defendants in the above-entitled action; that she has good reason to believe and does believe that the Hon. A. W. Newman, the judge of the circuit court of Clark county, where this action is pending, is prejudiced against her, and that she has good reason to believe and does believe that she cannot have a fair trial of said action in said court on account of the prejudice of said Judge A. W. Newman; that by an order of said court deponent was made a party and required to defend in this action; that the issues in this action to be determined are such as are formed by the answer of James O'Neill, garnishee defendant, and the answer of this deponent, and that a determination of the issues so formed is the real matter involved, and that the interests of herself and said defendant James O'Neill are in opposition to each other.'

" The affidavit was properly subscribed and verified. The motion was denied, for the reason that the garnishee defendant and the defendant George I. Follett had not joined in the application for a change of the place of trial. *Mrs. Follett* duly excepted to the order. The case proceeded to trial in said court, *Mrs. Follett* taking part in the trial. A special verdict was taken in the action. After the receipt of the verdict, the learned circuit judge made and signed an order for judgment, in which it is recited, amongst other things, that James

O'Neill, garnishee, and *Mrs. Follett*, had litigated in this action, as between themselves, the amount due upon the building contract between said James O'Neill and said *Lide W. Follett*, dated June 5, 1876, which contract, as claimed by said garnishee, was in fact made by and with the defendant George I. Follett. And a final judgment is entered that the plaintiffs recover from the defendants George I. Follett and James O'Neill, Jr., as garnishee, the sum of $750.93 damages and $78.82 costs. From this judgment *Lide W. Follett* appeals to this court."

For the appellant there was a brief by *Morrow & Masters*, with *S. U. Pinney*, of counsel, and oral argument by *Mr. Morrow* and *Mr. Pinney.* They argued, among other things, that the court erred in denying the motion for a change of the place of trial. 1. The allegation of prejudice stands for the fact, and deprived the court of jurisdiction. *Seehawer v. Milwaukee,* 39 Wis., 409; *Rines v. Boyd,* 7 id., 155. As both the other parties were interested adversely to *Mrs. Follett,* and as one of them, her husband, was a mere formal party, and had made default, the case fell within the exceptions to the rule requiring all co-plaintiffs or co-defendants to join in such an application, as stated in *Wolcott v. Wolcott,* 32 Wis., 63. 2. The garnishee action is equitable in its nature. See *Almy v. Platt,* 16 Wis., 169. The object in this case was to declare *Mrs. Follett* a trustee for her husband's creditors in respect to the amount due on the contract between her and the garnishee. She is brought in by interpleader, a process essentially of an equitable character and having but a limited existence at law. Laws of 1866, ch. 166, sec. 1; *Danaher v. Prentiss,* 22 Wis., 311; *Crawshay v. Thornton,* 2 Mylne & Cr., 1, 21; 2 Story's Eq. Jur., §§ 801-807. Under the statute which gave the right of action and the amendment (ch. 117, Laws of 1866), the action, as instituted, was an equitable one, and *Mrs. Follett* was therefore entitled to a change of the place of trial. Even if the interpleader allowed by the act of 1866 be regarded

as a legal process, still the one brought in by such process must be regarded as a separate and independent party within the meaning of the statute allowing a change of the place of trial.   3.  The garnishee process in attachment, though in form a single process, is in substance a several, not a joint, process. It must be treated as constituting separate legal proceedings in favor of the plaintiff and against the principal defendant and the garnishee, respectively.   Neither of the parties can be affected by what is done in the case of the other, except so far as the property of the debtor may be subjected by the judgment against the garnishee to the process of the creditor.   *Ingraham v. Olcock*, 14 N. H., 243.   The garnishee action allowed after a recovery against the principal debtor, is a separate but auxiliary action in the nature of a creditor's bill. *Almy v. Platt*, 16 Wis., 166.   The judgment against the garnishee can be used by him only to show the amount for which he was charged, and not to show that the entire claim against him and in favor of the debtor is merged in the judgment. Laws of 1862, ch. 249, sec. 11.   It is conclusive only *pro tanto*.   *Baxter v. Vincent*, 6 Vt., 614; *Brown v. Dudley*, 33 N. H., 511; *Tams v. Bullitt*, 35 Pa. St., 308; *Cameron v. Stollenwerck*, 6 Ala., 704; *Robeson v. Carpenter*, 7 Mart. (N. S.), 30.   The controversy in this action as to how much was due from O'Neill on the contract, was wholly between him and the creditors.   *Mrs. Follett* was no party to that contest. The only question which could be litigated in this action, as to her, was, whether she had a good title, as against her husband's creditors, to what was due on the contract from O'Neill. And her contest, was wholly with the creditors.   How it might be determined was a matter of no legal concern to O'Neill, and her husband was a mere formal party, legally interested against her, and had made default.   She was, therefore, entitled to a change of venue on her sole application.   4. She did not waive her right to complain of this ruling by appearing and defending against the further action of the court.   She did

not ask for any favor or relief. Her action thereafter was defensive only. See *Rines v. Boyd*, 7 Wis., 155. The application, having been regularly made, was fatal to the jurisdiction of the court, not only over the person of the appellant, but over the subject matter of the action. *Wheeler v. State*, 24 Wis., 54; *Elmore v. Garvey*, 4 id., 152; *Pfeil v. Kemper*, 3 id., 315; *Norval v. Rice*, 2 id., 22; *Insurance Co. v. Dunn*, 19 Wall., 214.

The appeal was submitted for the respondents on the brief of *R. J. MacBride.* He contended, *inter alia,* that the application for a change of venue was properly denied. This is an action at law, and a change of venue for the prejudice of the judge cannot be had upon the application of one only of several defendants. *Rupp v. Swineford*, 40 Wis., 28. O'Neill was not a mere formal party, but was the principal defendant and an active litigant. The appellant, in any view of the case, waived her rights by going to trial upon the merits. *Lowe v. Stringham*, 14 Wis., 222; *Leonard v. Rogan*, 20 id., 543; *State v. Doane*, 14 id., 483; *Barker v. Ins. Co.*, 24 id., 636. The application goes only to the jurisdiction of the court over the person of the appellant, and not to the subject matter of the cause. *Estate of Schœffner*, 45 Wis., 614; *Carpenter v. Shepardson*, 43 id., 406; *Montgomery v. Scott*, 32 id., 249.

TAYLOR, J. As we are of the opinion that the circuit court erred in overruling the motion of the appellant for a change of the place of trial in the action, and that such error was not waived by her subsequent action on the trial, we shall not discuss any of the other questions discussed by the learned counsel upon the argument of this cause. Our reason for holding that the place of trial should have been changed on the application of the appellant, is based upon our views of the relations which she held to the other parties to this action. The learned judge refused to grant the motion for the reason that George I. Follett and James O'Neill, the garnishee, did not join in the

application. If either of these parties was a real party to the matter to be litigated between the plaintiffs and the appellant, it is probable that, within the rule laid down in *Wolcott v. Wolcott*, 32 Wis., 63, and *Rupp v. Swineford*, 40 Wis., 28, they should have joined in the application for a change of the place of trial.

Under the statute under which these proceedings were held, George I. Follett was not a party to the garnishee proceedings in any sense. The right of the plaintiffs to have the amount of the judgments upon which these executions were issued, had already been settled in those actions. The garnishee proceedings, under the law as it then stood, are not against him; no notice was required to be given to him of the commencement or prosecution of these proceedings; he was not required to appear in the action or make any answer in the case; and the proceedings in this case show that he made no answer therein of any kind. As to him there was nothing to try, and nothing was tried, and the formal judgment rendered against him in this action was a clear mistake as to the nature of these proceedings. The plaintiffs already had judgment and execution against him for their debt, and why they should have another judgment against him in this case we are unable to understand. The only object of these proceedings was to apply the money due from the garnishee to the judgment debtor, if there was any due, to the payment of such judgments. This was not an action upon the judgments against the judgment debtor for the purpose of recovering against him a new judgment, but a proceeding to obtain satisfaction of the judgments already obtained against him. It is very clear to us, therefore, that, under the law as it was when these proceedings were taken, the judgment debtor was in no sense a party defendant in the garnishee action.

What was the relation of the garnishee to the appellant? She had been made a party to the action for the reason that she claimed the money due from the garnishee as her own property, against the plaintiffs, who claimed that it belonged

to her husband, George I. Follett, the judgment debtor. By making the application to have her brought in as a party, the garnishee admits that he had money or other property belonging to, or that he was indebted to, the judgment debtor, or to the appellant, in some amount, and that when it is determined by the court to which of the parties it belongs, he will, if it be found due to the judgment debtor, pay it into court or deliver it up so that it may be applied to the payment of the plaintiffs' judgments. After the claimant hostile to the claim of the plaintiffs is made a party of the action, the garnishee is in law a mere stockholder as to such property, having in law no interest in the question to be litigated between the plaintiffs and the third party claiming the same. After the appellant became a party to the action, so far as she and the plaintiffs were concerned, it became an action between them and them alone. The question which they were to litigate was the question whether she or they, as the judgment creditors of her husband, were entitled to the money due from the garnishee. In the regular order of proceedings, this issue should have been first tried, because the determination of such issue would have ended all the rights of the appellant in the case. If the verdict had been in her favor, such judgment would have entitled her to have the action dismissed as to her, with costs, and at the same time it would have been conclusive against the plaintiffs as to the liability of the garnishee in the action against him. On the other hand, if the verdict had been against her, she would have no further connection with the case. Such verdict would have been conclusive that she did not own the property in the hands of the garnishee, and she could, therefore, have no possible interest in law in the further proceedings. It would be entirely immaterial to her whether the garnishee was indebted to the judgment debtor $1 or $1,000; and the plaintiffs and the garnishee would have settled, as between themselves, the amount due from the garnishee to the judgment debtor. The appellant and the plaint-

iffs being the only parties to the action who have any legal interest in the determination of the question at issue between them, she is a party to the action within the meaning of section 2625, R. S. 1878, and the court should have changed the place of trial upon her application.

We do not think this case is controlled by the decision of this court in the case of *Rupp v. Swineford, supra.* In that case all the defendants were interested in the same issue, and, in the language of the late chief justice, the action was indivisible. In this case the issues are entirely different as to the two defendants, and neither has any interest in the determination of the issue made by the other. The determination of the issue made with the plaintiffs by the appellant, in her favor, would effectually determine the case as to both defendants, and a determination against her would make an end of the action as to her. We think the appellant had the right to have the question of the ownership of the debt due from the garnishee decided without litigating with the plaintiffs or the garnishee as to the amount due from him, for the reason, as I have shown above, that she had no interest in that question, so far as it was possible to determine her rights in this action. If she proved the money was due to her, she could not recover it of the garnishee in that action. If the garnishee had admitted a certain amount due on the contract, and had paid the amount into court, and the verdict between the plaintiffs and the appellant had been in her favor, it is probable the court would have directed the money so paid into court to be delivered to the appellant, if she had made application therefor; but if she had been dissatisfied with the amount paid in, she would not have been likely to receive it, but would have sought her redress in an action upon her contract. We think the court would not have been justified in changing this garnishee action to an action between the appellant and the garnishee upon the contract; and the appellant would have been compelled to commence an action against the garnishee upon the

contract, if one had not already been commenced, in order to recover the amount due her from him.

The appellant did not waive her right to rely upon her exception to the ruling of the judge denying her motion to change the place of trial. Having the right to make the motion, and having filed a sufficient affidavit, the court had no discretion, under the statute, except to send the action to some other court for trial. Having demanded a right which the law secured to the appellant, and that right having been refused by the court, she did not waive such right by going to trial thereafter in the court where the action was pending. *Norval v. Rice*, 2 Wis., 22; *Wheeler v. State*, 24 Wis., 52; *Rines v. Boyd*, 7 Wis., 155; *Runals v. Brown*, 11 Wis., 185. This motion, when made upon a proper affidavit, goes to the competency of the judge of the court to hear the case. The affidavit being in the law conclusive evidence of the prejudice of the sitting judge, he must remove the case, and loses all right to act further therein except to make a proper order for the removal thereof. When the proper affidavit and motion are made, the judge stands in a similar attitude to the action that a judge does who is a party interested in the matter in controversy, or who is related to or has been of counsel for either party, under section 2623, R. S. 1878. When the fact is made to appear, he loses all right to proceed further with the action; and if he does proceed, such proceedings are clearly irregular, if not void. *Seehawer v. Milwaukee*, 39 Wis., 409, 413; *Runals v. Brown, supra; Sup'rs of Jefferson Co. v. Supervisors*, 20 Wis., 139; *Post v. Black*, 5 Denio, 66; *Place v. Butternuts W. & C. Manuf'g Co.*, 28 Barb., 508; *Foot v. Morgan*, 1 Hill, 654.

I am of the opinion that the order is reviewable upon an appeal from the judgment, as an order affecting the merits of the action, under the provisions of section 3070, R. S. 1878. This court has frequently held that an order overruling a demurrer may be reviewed on appeal from the judgment after a

trial upon the merits. In *The Monitor Iron Works Co. v. Ketchum*, 47 Wis., 177, an order referring the case to a referee for trial was reviewed upon appeal, after a trial and judgment upon the merits, in which both parties participated without any question; and in *Knips v. Stefan*, 50 Wis., 286, it was expressly held that an order of reference could be reviewed on appeal from the judgment in the action. When an order of reference is made in an action in which it should not have been made, it deprives the party of the right to a trial by jury, and it is therefore held that the order involves the merits and necessarily affects the judgment. It seems to us that if the deprivation of the right to a trial by jury involves the merits and necessarily affects the judgment, the deprivation of the right to be tried by an impartial judge must also involve the merits and affect the judgment, within the meaning of the statute referred to. Although the final judgment in this action does not in direct terms adjudicate upon the right of the appellant to the money due upon the contract with the garnishee, O'Neill, still it does so inferentially, and she has therefore the right to have the same reversed, as it may prejudice her rights in an action by her against such garnishee.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for further proceedings according to law.