[No. 8231.]

## HUMPHRIES MERCANTILE COMPANY V. BRATTAIN.

1.  GARNISHMENT PROCEEDINGS—*Appeal Bond.* In an appeal to the County Court from the judgment of a Justice of the Peace, in garnishment proceedings, the statutory form of the appeal bond is properly changed to meet the facts of the situation. (575.)

2.  —— *Burden of Proof.* Upon an issue between a judgment creditor and a third person claiming to be entitled to a sum of money admitted to be due from a garnishee, the claimant has the burden of proof. (576.)

3.  —— *Form of Judgment.* Where a garnishee admits liability and deposits in court the amount admitted, and no question is made as to the amount, but only as to whether the money was due to the defendant or to a third person claiming it, and this is resolved in favor of the claimant, the garnishee should be discharged and a judgment entered directing payment of the money to the claimant. (577.)

4.  —— *Costs.* Where the proceeding begun in a justice's court was carried by appeal to the County Court, the justice was ordered to pay the full amount of the garnishee's deposit into the County Court, and issue execution against the defeated plaintiff for all costs. (577, 578.)

5.  APPEAL AND ERROR—*What May Be Assigned for Error.* Error in the mere form of the judgment below cannot be assigned for error. (576.)

*Error to Montrose County Court.* Hon. H. W. HANES, Judge.

Messrs. SELIG & COX, for plaintiff in error.

Messrs. CATLIN & BLAKE, for defendant in error.

GARRIGUES, J., delivered the opinion of the court.

1.   The Humphries Mercantile Company, as plaintiff, obtained in the Justice Court a judgment against George Maness, as defendant, and Clark & Hottel, co-partners, were garnisheed upon execution. The garnishees answered that they had $84.94 for the defendant, but that one Ray Brattain claimed to own the funds in their hands. Plaintiff, desiring to raise and try an issue with the claimant over the ownership of the money, pursued the proper course in such a case and filed a traverse, as to the ownership of the fund, to the answer of the garnishee in which it denied that claimant

owned the money or had any claim, right or title to such fund. There being no dispute but what the garnishees owed this amount to either defendant or the claimant, upon order of the justice, the garnishees deposited the fund in court. The court then caused notice under the statute to be served upon the claimant to appear at a designated time, and maintain his right in court, if any he had, to the fund, or be forever concluded from asserting any interest therein. On the day set, claimant appeared, and was admitted, under the statute, as a party to the action, as far as his title to the money in dispute was concerned. There was no traverse, issue or contention raised or tried as to the correctness of the amount. The issue was between plaintiff and the claimant, and was over the latter's ownership of the fund. There was a trial of this issue between plaintiff and the claimant before the justice, which was decided against the claimant, and in favor of plaintiff, and the court entered judgment directing that the money deposited in court be applied in payment of plaintiff's judgment against defendant, and the costs, except such as claimant made; that plaintiff recover from claimant the cost of hearing such issue, between them, taxed at $7.20; and that defendant Maness have and recover of and from the garnishees for the use and benefit of plaintiff, the sum of $84.94. From this judgment determining the issue in favor of plaintiff, directing that the money be applied in paying plaintiff's judgment against defendant, and taxing the cost of hearing the issue to claimant, he appealed under the statute, to the County Court. The condition of the bond recites the trial of the issue between plaintiff and the claimant over the latter's ownership of the fund deposited in court by the garnishees, the determination of that issue against claimant, and judgment against him for the costs. The statutory form of the bond was changed and made to meet the facts and was sufficient and proper.

*Zahnen v. Stender,* 39 Colo. 457, 89 Pac. 793. After a motion to dismiss the appeal was overruled, the issue be-

tween plaintiff and the claimant was tried to a jury in the County Court which returned a verdict in favor of claimant, and the court thereupon entered judgment that the defendant Maness have and recover of and from the garnishees the sum of $84.94 for the use of the claimant, and that he recover from plaintiff his costs in that behalf, taxed at $28.90, and that the justice turn over and deliver to the clerk of the County Court the money deposited in the justice court by the garnishees. The justice in his transcript certified to the County Court that he had this $84.94 in his hands, less the costs, amounting to $23.90, which was paid into court by the garnishees, and that he held the balance, $61.06, subject to the order of the court. Plaintiff brings the case here on error.

2. We have gone carefully over the whole record in the County Court and find no error except in the mere form of its judgment which in no way prejudices, affects or concerns plaintiff. If we should reverse and remand the case, it would only be to correct the judgment as to the garnishees. The issue between claimant and the plaintiff was tried and decided against plaintiff, without reversible error, and because the court entered judgment against the garnishees in favor of the claimant, when it should have discharged the garnishees, and taxed the costs to plaintiff, is no error of which the latter can complain. The garnishees by their answer confessed absolute liability to the defendant in a certain amount, unless the fund belonged to claimant, paid the money into court as ordered, and in the absence of an issue over the correctness of the amount, were entitled to be discharged. Plaintiff traversed the garnishees' disclosure that Brattain owned or claimed to own the fund, but this raised no issue as to the correctness of the amount of the fund as shown by the garnishees' answer. The only issue raised by the traverse was between plaintiff and the claimant, over the latter's title to the fund, upon which claimant had the burden of proof. When the justice found the issue

in favor of plaintiff, and against the claimant, if no appeal was taken he should have discharged the garnishees, taxed the costs. of trying such issue to the claimant, and applied the fund in payment of plaintiff's judgment against the defendant, and costs. But the appeal removed the whole issue between plaintiff and claimant into the County Court for trial *de novo*. The money was in the custody of the law, followed the issue in the County Court and the justice must deposit the whole of the fund in that court without deducting any portion for costs in his court. When such issue was tried in the County Court and verdict returned finding that the fund belonged to claimant, the court should have entered judgment on the verdict discharging the garnishees, taxing the costs to plaintiff, and directing that the money be delivered to claimant. Of course, if dissatisfied with the amount, claimant could refuse to accept it and seek redress in another action against the garnishees. In cases of this kind where the liability of the garnishee is admitted, and the only issue presented is between plaintiff and the claimant over the latter's right to the fund or property in the hands of the garnishee, and the finding upon that issue is in favor of the claimant, and against the plaintiff, the judgment usually entered is to discharge the garnishee, tax the costs to plaintiff, and if the fund has been deposited in court by the garnishee, and claimant is satisfied with the amount, to direct it delivered to him. *Commercial National Bank v. Payne*, 60 Ill. App. 346; *Hewitt v. Follett*, 51 Wis. 272-3, 8 N. W. 177.

The County Court entered a personal judgment against the garnishees in favor of the claimant. This was irregular and improper; but it does not concern the plaintiff.

Upon receipt of the remittitur by the County Court the justice will pay the full amount, $84.94, deposited in his court, into the County Court, which sum the County Court will direct to be paid to claimant, cancel the judgment

against the garnishees, discharge them and issue execution against plaintiff for the costs if they are not paid.

*Judgment affirmed with directions.*

GABBERT, C. J., and SCOTT, J., concur.