## WESTON and others vs. OLSEN, imp.

*October 11 — October 31, 1882.*

COSTS *on foreclosure of mechanic's lien.*

1. An action to enforce a lien is equitable in its nature and the court may exercise a discretion in withholding or imposing costs. But such discretion should be based upon equitable considerations and not arbitrarily exercised, especially where the statute expressly gives costs.

2. In an action by subcontractors to enforce a lien for building materials furnished to the principal contractor, where the owner of the premises, on receiving the statutory notice of plaintiffs' claim, expressed no willingness to pay the amount due from him to the principal contractor, but by his action necessitated the commencement of the suit and its prosecution to judgment, the plaintiffs are entitled to costs.

APPEAL from the Circuit Court for *Grant* County.

Action to enforce a lien for building materials furnished by the plaintiffs to the defendant Alden, and used by him in the construction of a dwelling-house for the defendant *Olsen* upon lands owned by the latter, under a contract and agreement with him. On the trial the jury found that at the commencement of the action *Olsen* was indebted to Alden in the sum of $65.21 on account of such construction, and that the materials furnished by the plaintiffs went into the building, and it was adjudged that there was due the plaintiffs therefor the sum of $65.21, and that *Olsen's* interest in the premises be sold for the payment thereof, with legal interest thereon, and the costs and disbursements of the plaintiffs in the action, to be taxed by the clerk, and costs of sale and subsequent costs, including the costs of filing the claim for him, "unless the said defendant *Olsen* shall pay said $65.21 in ten days, in which case no costs shall be taxed herein; but if not so paid, or if the plaintiffs are compelled to sell pursuant to this judgment, their full costs shall be taxed and recovered," etc. *Olsen* having paid into court the $65.21 within the time mentioned, the clerk refused to tax the costs in favor of the plaintiffs, and they appealed to this court from that portion of the judgment above quoted.

For the appellants there was a brief by *Hazelton & Provis*, and oral argument by *Mr. Provis*. They argued, *inter alia*, that where a statute is imperative that a plaintiff recover costs the court has no discretion to adjudge otherwise. *State ex rel. Jones v. Jenkins*, 46 Wis., 616. Costs are the creature of statute, and in this state are regulated exclusively by statute. *Noyes v. The State*, 46 Wis., 250. Statutes giving costs are to be liberally construed, as costs are not in any proper sense a penalty. They are a partial remuneration to a prevailing party for the injury he has sustained by the presentation of an illegal demand or resistance to a legal claim. Sedgwick on Stat. & Const. Law, 358.

*John D. Wilson,* for the respondent, contended that the action to foreclose a mechanic's lien is equitable in its nature, and the matter of costs discretionary with the court. *Willer v. Bergenthal,* 50 Wis., 474; 5 Wait's Pr., 401–2; *Spruhen v. Stout,* 52 Wis., 525. He also urged that there was no abuse of discretion in this case.

CASSODAY, J. The only question involved is whether the plaintiffs, as subcontractors, having recovered judgment for the amount named, were entitled to the statutory costs as a matter of right. The statute provides that the judgment in such case shall direct that the interest of the owner of the premises at the time of the commencement of the construction of the building be sold to satisfy the amount of the lien of the plaintiffs, or of the several liens embraced in the action, with the costs of such action, including the costs of filing the claims for lien, and that after satisfying the same, together with such costs, that the residue of the proceeds be brought into court, with the report of sale, to abide the order of the court. Sec. 3324, R. S. A similar provision is found in sec. 3322, R. S. The plaintiffs, as subcontractors, having given the notice required by sec. 3315, R. S., were clearly entitled to judgment. It is true that section provides that "the claim of such subcontractor shall not constitute such lien, except so far as such owner shall, at the time of giving such notice, be, or shall thereafter become, indebted to such principal contractor for work done or materials furnished under the principal contract." Here the amount recovered did not exceed the amount due from the owner to the principal contractor. There is no claim that the owner, on receiving the statutory notice, tendered or expressed any willingness to pay the amount due such principal contractor without suit or otherwise. On the contrary, he denied all liability. By the course pursued by the respondent, the plaintiffs were forced to bring suit and prosecute the same

to judgment. Can the respondent now escape from paying the statutory costs thus necessarily incurred by the plaintiffs, by reason of his own action and non-action? Undoubtedly an action to enforce a lien is equitable in its nature. *Willer v. Bergenthal,* 50 Wis., 474. It is also true that in such actions courts of equity may exercise a certain discretion in withholding or imposing costs. *In re Carroll's Will,* 53 Wis., 228; *Spruhen v. Stout,* 52 Wis., 517. But such discretion should be based upon equitable considerations, and not arbitrarily exercised. Especially is this so in a case like this, where the statute expressly gives costs. Here there was no equitable reason for withholding the usual statutory costs, or making their taxation conditional upon non-payment of the amount found due. On the contrary, the respondent having necessitated the incurring of such costs by the plaintiffs, is, under the statute, equitably bound to pay them. The effect of the garnishment cannot be reviewed on this appeal, and hence its consideration is unnecessary.

*By the Court.*— That portion of the judgment of the circuit court appealed from is reversed, and the cause is remanded for further proceedings according to law