George vs. Everhart and wife.

---

GEORGE vs. EVERHART and wife.

*March 17 — April 4, 1883.*

COSTS: *( 1, 2 )* In actions to enforce liens.

ACTION: *(3)* Change from legal to equitable, by statute enacted pendente lite.

1. Under ch. 143, R. S. 1878, the action to enforce a mechanic's lien or a lien for materials is an equitable action, but the prevailing party recovers costs as matter of right.

2. In an action of that kind which was pending at the time of the enactment of the revised statutes of 1878, the subsequent taxation of costs was not subject to the limitation prescribed by Tay. Stats., 1532, § 59, for actions at law on contract, but the prevailing party was entitled to *full* costs.

3. A purely statutory action, although properly commenced as a legal action, may be changed to an equitable one by a statute enacted *pendente lite.*

APPEAL from the Circuit Court for *Kenosha* County.

The action is to enforce a lien upon a certain house, and the interest of the defendant husband in the lot upon which the same is situated, for the price of certain materials furnished and work done by the plaintiff, in and about the erection of such house. The plaintiff claims that there is due him $645.70. The defendants answered, interposing several counterclaims. The cause was tried by the court without a jury, and the trial resulted in findings that there

is due the plaintiff for such materials and work the sum of $95.75 and that the same is a valid and subsisting lien upon the house and lot as claimed. Judgment was thereupon entered pursuant to the findings, to be thereafter perfected by a taxation of costs, and the insertion therein of the amount of costs so taxed. The action was commenced before, but was tried after, the present revised statutes took effect. The costs were taxed by the clerk, who limited the amount of costs proper given by R. S., 772, sec. 2921,— that is, costs exclusive of disbursements,— to $15. The taxation was reviewed by the court on proper proceedings, and the court, by order, set aside the taxation and directed the clerk to tax full costs. The defendants have appealed from such order.

*J. V. Quarles*, for the appellants.

For the respondent there was a brief by *Fish & Dodge*, and oral argument by *Mr. Fish*.

LYON, J. Before the present revised statutes took effect, actions to enforce liens of mechanics, laborers, and material men were held to be actions at law on contract, although having some of the characteristics of suits in equity, and hence were subject to the limitations of costs prescribed in R. S. 1858, ch. 133, sec. 41, as amended by ch. 402, Laws of 1864 (Tay. Stats., 1,532, § 59). *Marsh v. Fraser*, 27 Wis., 596; *Tewksbury v. Bronson*, 48 Wis., 581. In the latter case it was held that the plaintiff had no right of lien, and he was permitted to amend his complaint so as to demand a personal judgment against the defendants. The action was brought before the present revision took effect, and was therefore an action at law. By reason of the amendment, it continued to be an action at law, notwithstanding the revision, for the lien claim was entirely eliminated therefrom. The limitations above mentioned are as follows: " In actions at law on contract, the costs, exclusive of disbursements, shall not in any one case exceed $25, and when the sum

recovered is less than $200, the same shall not exceed $15."
These limitations are preserved in the present revision. R.
S., 772, sec. 2921. The present revision (R. S., ch. 143) has
made an entire change in this class of actions. They are
no longer legal, but equitable actions,— *Willer v. Bergenthal*,.
50 Wis., 474, — and are subject, with few exceptions, to all
the incidents of suits in equity. One of these exceptions,. ·
not mentioned in the case just cited, is that the prevailing
party recovers costs as matter of right, while ordinarily the
giving of costs in equitable actions is in the discretion of the
court. *Weston v. Olson*, 55 Wis., 613. This exception, how-
ever, does not affect the character of the action. It is still.
an action in equity.

The precise question here is whether or not the case is af-
fected, in respect to costs, by the enactment of the revised
statutes *pendente lite*. We think the question must be
answered affirmatively. Sec. 4980, while it saves the pend-
ing action, provides that the subsequent proceedings therein
shall conform to the provisions of the revised statutes,
when applicable. One of the subsequent proceedings is the
taxation of costs, and the taxation must go upon the rule of
the statute, which, as we have seen, is full costs to the pre-
vailing party.

It is argued that an action, properly commenced as a legal
action, cannot be changed by statute into an equitable one.
This may be true of an action which at the common law is,
a legal action. We do not decide this. Here we have purely
a statutory action, and no good reason is suggested why it
may not be made a legal or equitable action at the pleasure
of the legislature. This class of actions was always very ·
close to the line which divides legal and equitable suits.
The pleadings therein must, or at least may, contain much
that pertains to both. It happens in this case that the com-
plaint contains many, if not all, of the averments essential
to a good complaint in equity. If it did not, on objection

duly taken the court would, doubtless, have required the plaintiff so to amend his complaint that it should conform to the new statute; that is to say, he would have been required to make a good bill in equity, and the cause would have proceeded as an action in equity. In that case there could be no doubt of the right of the plaintiff to full costs. The fact that the complaint needed no amendment can make no difference. The subject matter of the action was properly cognizable in a court of equity; the complaint is in the form of a bill in equity; and the legislature has provided in effect that the action shall proceed to judgment as an equitable action. The statute affects the remedy only, and we perceive no valid objection against it.

Our conclusion is that the court properly awarded full costs to the plaintiff, although he recovered less than $200.

*By the Court.*— Order affirmed.