JACUBECK vs. HEWITT, imp.

*September 6 — September 23, 1884.*

JUSTICES' COURTS: PRACTICE: LOGS AND LUMBER: LIENS. *(1, 2) Application for removal, when and by whom made. (3) Upon what logs a lien for labor may be enforced. (4) Parties: Validity of lien as to other persons immaterial. (5) Appeal: Judgment for costs against party not appealing.*

1. An application for the removal of a cause pending before a justice of the peace on the ground that he is prejudiced or is a material witness, unless made by all defendants (or plaintiffs, as the case may be) who are actually interested in the controversy and have appeared in the action, should be denied.

2. An application for removal on the ground that the justice is a material witness, made after issue joined and witnesses sworn, is too late.

3. The statutes (R. S., secs. 3329 *et seq.*) relating to liens for services on logs and timber, should be liberally construed in the interests

of labor. The lien of a teamster who has worked with several others in hauling and banking logs which are mixed together, is not limited to the identical logs which he himself hauled and banked, but may be enforced against any portion of the lot of logs upon which he and the others worked.

4. One who, in an action to enforce a lien on logs, has become a party defendant by filing an affidavit that he is the owner of the logs, is in no position to claim that other persons are the true owners and that the lien is invalid as to them.

5. Where one only of two defendants in an action to enforce a lien on logs has appealed from a judgment in favor of the plaintiff, the appellant cannot complain of a judgment for costs in the appellate court against both defendants jointly.

APPEAL from the Circuit Court for *Marathon* County.

The defendant *Hewitt* appealed from a judgment of the circuit court adjudging that the plaintiff have and recover from the defendants, McCurdy and *Hewitt,* the sum of $205.75, damages, together with the sum of $75.10, costs and disbursements in the action; and that said sum is a lien on a certain lot of saw-logs and timber. The facts sufficiently appear from the opinion and from the arguments of counsel.

For the appellant there was a brief by *Ordway & Hoyt,* and oral argument by *Mr. Ordway.* They contended, *inter alia:* 1. It is admitted in the record that *Hewitt,* prior to December 27, 1880, held the legal title to the lands upon which these logs were cut, and that on that day he contracted to convey the same, with the standing timber upon certain other lands, to one Joseph Mayer, for a sum total of $22,000, to have been paid within five years, Mayer not to cut timber without the consent of *Hewitt;* but *Hewitt* was to give consent on being paid $2.50 per thousand feet, according to an estimate agreed upon. Mayer died solvent, leaving a widow and nine infant children. His administrator contracted with McCurdy, November 22, 1882, to do this logging. The time for the performance of the Mayer contract has not yet expired, and the interest of the widow

and children of Mayer in said lands and standing timber is a real interest: the widow takes dower and the children the fee. The amount of purchase money unpaid is a debt against Mayer's estate, to be paid primarily out of his personalty. *Hewitt* claimed and testified that the logs were cut without his knowledge, authority, or consent, and that therefore he had the lawful right to take possession of them as his own, free of liens. Having taken them, these lien suits were commenced. Plaintiff and his witnesses testified that the labor was so performed with the knowledge and consent of *Hewitt*. The jury found upon this question in favor of the plaintiff, which closes that inquiry; but in so doing, it was shown beyond question that the claimed lien was *invalid* in law as against the *heirs* of Mayer, because an administrator has no authority to engage in any such business on behalf of an estate he is administering upon. 2. McCurdy did not appeal from the judgment of the justice, and is therefore not liable for costs in the circuit court. The judgment in that court should have been against *Hewitt* alone, or against *Hewitt* and his sureties on the appeal. If suit should be brought against both defendants, upon the joint judgment rendered, in the county of McCurdy's residence, *Hewitt*, residing in another county, could not have the cause removed to the county of his residence.

For the respondent there was a brief signed by *John W. Hume*, attorney, and *Gabe Bouck*, of counsel, and oral argument by *Mr. Hume*.

COLE, C. J. This action was commenced in a justice's court against the defendant McCurdy to recover the sum of $191.49, for labor performed by plaintiff for said McCurdy in cutting and hauling a lot of pine saw-logs, and to enforce a lien upon the property. The logs were seized on the attachment, and McCurdy was personally served with process. Before the return of the attachment the defendant

Jacubeck vs. Hewitt, imp.

*Hewitt* filed with the justice an affidavit stating that he was the owner of the logs upon which a lien was claimed, and that he believed the claim for a lien was unjust and invalid, and asked that he be made a party to the action, as provided by ch. 273, Laws of 1882. On the return day the plaintiff filed his complaint, and the defendant McCurdy answered it by a general denial. The defendant *Hewitt*, before any proceedings were had on his part, made and filed with the justice an affidavit of prejudice, and moved that the cause be removed to the nearest justice qualified by law to try the same. The justice denied the motion. After two witnesses were sworn on the trial, the attorney of *Hewitt* filed an affidavit that the justice before whom the cause was pending was a material witness for *Hewitt*, without whose testimony *Hewitt* could not safely proceed to trial, and moved that the cause be removed to another justice. This motion was also denied, and *Hewitt* declined to answer or make any defense. Judgment was rendered by the justice against McCurdy for the amount claimed by plaintiff, and against *Hewitt* that said sum was a lien upon the logs attached. *Hewitt* took an appeal to the circuit court.

In the circuit court *Hewitt* filed an answer, in which he alleged that he was the owner in fee simple of the land upon which the timber was standing when cut and removed; and that McCurdy entered upon the land and removed the timber therefrom without his consent. The plaintiff noticed the cause for trial in the circuit court, but before the same was called for trial *Hewitt* moved to dismiss the action for want of jurisdiction in the circuit court, because the justice erred in refusing to remove the cause to some other justice on the affidavit of prejudice filed; and also because the justice refused to remove the case upon the ground that he was a material witness for the defendant *Hewitt*. The circuit court overruled both motions, and proceeded to try the case.

The first error relied on here for a reversal of the judg-

ment is the refusal of the justice to remove the cause upon the filing of the affidavit of prejudice. It is said *Hewitt* was entitled to a removal on the filing of that affidavit, which had the effect in law of ousting the jurisdiction of the justice. This position we deem quite untenable. From the history of the case above given it will be noticed that *Hewitt* was not the only defendant before the court, though he alone demanded that the cause be removed on account of the prejudice of the justice. He claimed to be the owner of the logs, and was, of course, interested in the question whether the plaintiff was entitled to a lien upon them. This was the extent of his interest in the controversy. It may be assumed that he was entitled to all the rights of an ordinary defendant in an action where there are other defendants, and that his affidavit was in due form. But it will be borne in mind that McCurdy was the principal defendant, who, by his answer, contested both the justness of the plaintiff's demand and his right to a lien. He did not join in the application for a removal, but appears to have been willing that the cause should be tried by the justice who issued the process. Were not his rights as important and sacred as the rights of *Hewitt?* He certainly had a more vital interest in the controversy than his co-defendant. It is said that the question as to whether the plaintiff was entitled to a lien on the property or not could be fully determined as between him and *Hewitt*. So it could be in the action between the plaintiff and McCurdy. Not only could the question of lien be adjudicated between them, but the further question whether McCurdy was indebted to the plaintiff in any amount for which judgment should be rendered. Now, will the law tolerate the practice of allowing *Hewitt* to remove the cause for trial, so far as the claim for lien was concerned, by one justice, while another justice retains the cause to try both that claim and the question of McCurdy's indebtedness? It seems to us a bare statement of the proposition is

enough to show its unsoundness. The law does not favor any such anomalous practice, which would only tend to multiply litigation and increase expense in the settlement of controversies. If McCurdy, who was contesting the right of plaintiff's recovery to any amount, had united in the application for removal, it could not have been properly denied. But the justice retained the cause because McCurdy did not join in the affidavit, nor demand a removal of the same. The justice was clearly right in this view of the law. *Wolcott v. Wolcott*, 32 Wis. 63; *Rupp v. Swineford*, 40 Wis. 28; *State ex rel. Cuppel v. Milwaukee Chamber of Commerce*, 47 Wis. 670; *Levy v. Martin*, 48 Wis. 198; *Eldred v. Becker*, 60 Wis. 48; *Hellriegel v. Truman*, 60 Wis. 253.

In *Eldred v. Becker* the court lays down substantially this rule on the subject: That there cannot be a removal in a civil action on the application of only a portion of the defendants (or plaintiffs, as the case may be), where other defendants actually interested in the controversy have appeared but decline to join in the application. But, as Mr. Justice Lyon observes in that case, this rule does not apply where there is a defendant who does not appear in the action, but makes default. The case of *Hewitt v. Follett*, 51 Wis. 264, is not in conflict with these decisions. There the real party in interest was Mrs. Follett, who applied for the removal. Her husband and the garnishee were mere formal parties defendant; besides, the husband had made default. The case clearly came within the exceptions to the rule which requires all co-defendants to join in an application for a removal.

What has been said upon this point applies with equal force to the application to remove the cause because the justice was a material witness. But there is an additional ground for denying that application, because it came too late, if there were no other objection to it. An issue had been joined in the action, and two witnesses had been sworn

on the part of the plaintiff, as appears from the return of the justice. Sec. 3617, R. S., prescribes the time when an application for removal, on the ground that the justice is a material witness, must be made. A glance at that provision will show that this application was too late.

The evidence in the case showed that the plaintiff, with several other men with their teams, worked for McCurdy through the logging season, hauling and banking a lot of pine logs, marked as stated in the complaint. It is admitted that a large quantity of logs was thus hauled and banked, but there was no evidence showing that the identical logs which the plaintiff hauled were attached. It was conceded on the trial that it was practically impossible to identify the logs which the plaintiff, or any other teamster, did actually haul and bank, as they were all mixed together. Now the learned counsel for *Hewitt* claimed in the court below, and he insists upon the same point here, that it was absolutely essential for the plaintiff, in order to have a lien, to make that proof. He says the plaintiff was bound to show that he performed labor upon the identical logs attached in the suit, otherwise he cannot have a lien upon the logs. This court has not been disposed to put any such strict construction upon the statute. On the contrary, in *Winslow v. Urquhart*, 39 Wis. 260, this court held that one who cooks food for loggers was entitled to a lien for his services. In that case it was said by Mr. Justice LYON that the statute was enacted in the interests of labor, and that a sound public policy required that it be liberally construed. It is obvious that the construction contended for by the learned counsel would, in most cases, entirely defeat all the beneficent purposes of the statute. Therefore, there was no error in the charge of the court below, which was to the effect that the plaintiff, upon the evidence, was entitled to a lien upon any portion of the lot of logs which he, with other teamsters, had hauled and banked for McCurdy.

It is further insisted that the plaintiff was not entitled to a lien because of the interest of the heirs of the deceased Mayer in the land and the logs. The court was perfectly justified, under the circumstances, in directing the jury to wholly disregard all the evidence in regard to that matter. Those heirs are not before the court; whether their rights would be affected by this litigation it is not necessary to decide. Certainly, in view of his affidavit and answer, *Hewitt* is in no position to claim that the Mayer heirs are the true owners, and should be before the court. All of the evidence upon that point was entirely immaterial.

The last objection taken is to the form of the judgment. The judgment certainly contains nothing of which *Hewitt* can complain. The statute of 1882 provides that if, upon the trial in the appellate court, the plaintiff recover judgment of lien upon such property, such judgment may be entered against the appellant and his sureties. Sec. 3, ch. 273. That refers to an appeal taken, as this was, by the person claiming to be the owner of the logs.

It follows from this view that the judgment of the circuit court must be affirmed.

*By the Court.*— Judgment affirmed.