VAN HORN and others, Appellants, vs. VAN DYKE and others, Respondents.

*March 17 — April 30, 1897.*

*Liens: "Principal contractor:" Partnership: Subcontractors.*

After making a proposal for the remodeling of a building a firm of contractors was dissolved, and two days later one of the former members made a contract in his own name for said work. Soon after, the same persons formed a new partnership. The owner of the building expressly refused to substitute the new firm as a party to the contract, but it contracted for the materials and labor and performed the contract with his knowledge. *Held,* that the firm was the principal contractor, within the meaning of sec. 3315, S. & B. Ann. Stats., and that persons who, dealing with it as such, furnished materials and performed labor on the building were entitled to subcontractors' liens.

APPEAL from a judgment of the circuit court for Waukesha county: WARHAM PARKS, Circuit Judge. *Reversed.*

The case is stated in the opinion.

For the appellants there was a brief by *Geo. E. Robinson* and *Ryan & Merton,* and oral argument by *Mr. Robinson* and *Mr. E. Merton.*

For the respondent *Van Dyke* there were briefs by *Van Dyke & Van Dyke & Carter,* and oral argument by *W. D. Van Dyke.*

CASSODAY, C. J. This action was commenced August 10, 1895, to enforce liens in favor of mechanics and material men, as subcontractors, respectively, under Edmunds & Dittrich, upon the dwelling house and premises described,— the property of the defendant *John H. Van Dyke, Jr.* Issues being joined and a trial had, the court found, in effect, that September 24, 1894, the defendant *Dittrich* individually entered into a contract, in writing, in his own name, with the defendant *John H. Van Dyke, Jr.,* for the remodeling and

repairing of his said dwelling house; that by the terms of said contract *Dittrich* agreed to furnish all the work, labor, and services, and all material of every kind, to be used in and about the erection, repairing, and remodeling said building according to plans and specifications mentioned, for $2,458.58; that October 15, 1894, the defendants *Edmunds* and *Dittrich* entered into a copartnership as contractors and builders under the firm name of Edmunds & Dittrich; that *Dittrich* requested *Van Dyke* to consent to the substitution of the firm of Edmunds & Dittrich as principal contractors in the place of *Dittrich* under said written contract, but that *Van Dyke* expressly declined and refused to do so, and never consented thereto, never released *Dittrich* from said written contract, and never made any contract with the firm of Edmunds & Dittrich relating to the rebuilding of the dwelling; that October 15, 1894, that firm agreed with *Dittrich* to perform said written contract to rebuild said dwelling, and entered upon the execution thereof, and completed and performed said contract; that the several appellants, respectively, furnished materials to, and did work and labor for, said firm of Edmunds & Dittrich, as such contractor thereunder, in and about the erection, construction, and rebuilding of said dwelling house, to the several amounts as found by the trial court. And as conclusions of law the court found, in effect, that the plaintiffs were severally entitled to judgment against the defendants Edmunds & Dittrich, as such copartners, for the sums set opposite their names, respectively, for such materials furnished and such work and labor done; that *Dittrich*, individually and alone, was at all times the principal contractor with *John H. Van Dyke, Jr.*, for the remodeling and repairing of said dwelling house; that there was no novation or substitution of parties under said contract; that the statutes did not give a mechanic's lien to a subcontractor of a subcontractor; that none of the plaintiffs, as individuals or as

partners, were entitled to any lien upon said premises. From the judgment entered thereon accordingly, dismissing the complaint in so far as it relates to the defendant *John H. Van Dyke, Jr.*, the plaintiffs bring this appeal.

It appears that on and for some time prior to September 22, 1894, the defendants *Edmunds* and *Dittrich* had been in partnership and engaged in the construction of buildings; that as such firm they had, a short time before the day and year last mentioned, sent a proposition to the defendant *John H. Van Dyke, Jr.*, to construct the dwelling house in question; that September 22, 1894, the firm of Edmunds & Dittrich dissolved by mutual consent; that two days thereafter *Dittrich*, in his own name, individually, entered into the written contract with *Van Dyke* for the construction of the dwelling house as found by the court; that five days after that *Edmunds* and *Dittrich* again entered into copartnership for doing such work; that, although *Van Dyke* expressly declined and refused to modify said contract by inserting therein the firm name of Edmunds & Dittrich in place of the individual name of *Julius Dittrich*, still it appears that the firm of Edmunds & Dittrich entered upon and commenced the contracting for materials and labor and the performance of the contract, and did fully perform the contract, with the knowledge of *Van Dyke;* that the materials furnished and the work performed by the several appellants were so furnished and performed by them under contracts made by them, respectively, with that firm as principal contractors; that the several appellants gave to said *Van Dyke* due notice that they, respectively, claimed liens as subcontractors under said firm as principal contractors.

The radical error of the trial court, as it appears to us, consists in holding, in effect, that the firm of Edmunds & Dittrich were not the principal contractors, but subcontractors under *Dittrich*, individually, as the sole and only principal contractor, and hence that the several appellants were

mere subcontractors of subcontractors. Although an action to enforce a lien is statutory, yet it is equitable in its nature. *Willer v. Bergenthal,* 50 Wis. 474; *Weston v. Olsen,* 55 Wis. 613; *Huse v. Washburn,* 59 Wis. 414; *Bentley v. Davidson,* 74 Wis. 420. The purpose of the statutes is to secure payment to those named in the statutes, furnishing materials or performing labor upon the structures therein mentioned. S. & B. Ann. Stats. secs. 3314, 3315. The notice required by subcontractors is to protect both the lot owner and such contractors. Within the purview of the statutes, we must hold that the firm of Edmunds & Dittrich were, in equity and essentially, the principal contractors, notwithstanding the written contract was in the name of only one of the members of that firm individually. Any other construction would defeat the very purpose of the statute, which is to give to "every person who, as subcontractor of a principal contractor, or employee of any contractor or subcontractor, performs any work or labor for, or furnishes any materials to a principal contractor or subcontractor, in any of the cases mentioned in the preceding section, shall be entitled to the lien and remedy given by" the statute in case the same is complied with. S. & B. Ann. Stats. sec. 3315. We must hold that the several appellants establish their respective claims within this provision of the statute.

*By the Court.*— Those portions of the judgment appealed from are reversed, and the cause is remanded for further proceedings in accordance with this opinion.