Kendall vs. Hynes Lumber Co. and others.

| 96 | 659 |
| 98 | 475 |

| 96 | 659 |
| 107 | 614 |
| 107 | 618 |

KENDALL, Respondent, vs. HYNES LUMBER COMPANY and others, Appellants.

*June 12 — June 24, 1897.*

*Liens: Logs and lumber: Improvements to sawmill: Time of filing.*

1. Under sec. 3329, S. & B. Ann. Stats. (providing that a person who performs labor in cutting, felling, hauling, or running logs, or manufacturing them into lumber, etc., shall have a lien upon the logs and the lumber manufactured therefrom), no lien is created upon lumber for work done in driving piles and building docks and tramways for permanent use in connection with the sawmill where it was manufactured.

2. Under sec. 3331, S. & B. Ann. Stats. (providing that for work done upon logs, etc., between November 1 and May 1 following, the claim for a lien shall be filed on or before June 1 following, and that for work done after May 1 and before November 1, following, or for continuous work from November 1, or a day prior thereto, to and beyond May 1 following, the claim for a lien shall be filed within thirty days after the last day of doing such work) in order to sustain a lien for work done prior to May 1 in any year where the claim was not filed till after June 1 following, it is essential to show that the work commenced on November 1 preceding, or a day prior thereto, and continued without material interruption to within thirty days of the time of such filing. ·

APPEAL from a judgment of the circuit court for Bayfield county: JOHN K. PARISH, Circuit Judge.  *Reversed.*

Pursuant to a petition duly · filed,— not containing any allegation, however, of continuous work,— plaintiff brought this action under the statutes of this state, for the enforcement of a lien for labor on logs and in manufacturing such logs into lumber.  The period covered by the petition for the lien and the complaint was from the 1st day of October, 1894, to the 21st day of September, 1895.  The complaint did not contain any allegations that the work was continuous:  It properly described the logs and the lumber manufactured therefrom, on which the lien was claimed, and, except

Kendall vs. Hynes Lumber Co. and others.

as aforesaid, contained all the requisite allegations to entitle plaintiff to a lien for the entire work done between the dates named. The action was brought against the *Hynes Lumber Company*, the employer. *S. K. Martin Lumber Company*, *Twohey Mercantile Company*, and *F. A. Hamilton*, to whom the lumber had been sold, were made defendants on their application therefor, under the statute authorizing the same. The *Hynes Lumber Company* answered separately, and the other defendants jointly, putting in issue the right of plaintiff to a lien judgment.

The evidence showed that plaintiff commenced work in the logging operations in the woods about October 21, 1894; that his first work was in making a necessary logging road; that he then worked in setting up a portable engine for use in hauling the logs up a hill; that he worked thereafter till the 20th day of March, 1895, in operating such engine, hauling the logs in question, and other logs owned by one Cochrane; that he left the logging operations on the 20th day of March mentioned, and thereafter worked up to the 21st day of September, 1895, mainly in driving piles, making docks, and building tramways, which were permanent structures for use in connection with a sawmill plant located on the banks of Lake Superior, owned or operated by the *Hynes Lumber Company*, to which the logs in question were driven, and where the greater part thereof were manufactured into lumber, and the lumber piled on the mill premises and marked to the purchasers thereof, prior to the 21st day of September, 1895. Aside from the work of making permanent improvements as stated, plaintiff worked some, subsequent to the 20th day of March, 1895, making booms and in helping to operate the sawmill. The amount of time he was engaged in each of the various kinds of work mentioned, or in making permanent improvements to the sawmill property, does not appear.

The jury, under instructions from the court, found that

Kendall vs. Hynes Lumber Co. and others.

there was due plaintiff for all his work done between the 21st day of October, 1894, and the 21st day of September, 1895, $509; that it was all lienable work done on the logs and lumber in question; and that plaintiff was entitled to such lien.    There was a motion to set the verdict aside and for a new trial, which was denied.    Judgment was rendered in plaintiff's favor in accordance with the verdict, and defendants appealed.

For the appellants there was a brief by *Tomkins & Merrill*, and oral argument by *W. M. Tomkins*.

For the respondent there was a brief by *Cate, Sanborn, Lamoreux & Park*, attorneys, and *D. F. O'Keefe*, of counsel, and oral argument by *Mr. O'Keefe*.

MARSHALL, J.    The sole question which requires consideration in this case is, Does the evidence support the verdict? It is undisputed that a large part of the work done after March 20, 1895, was in driving piles and in building docks and tramways for permanent use in connection with the sawmill.    True, such structures were necessary to the business of manufacturing logs into lumber, but only in the sense that the sawmill was necessary; and it could not be seriously contended that work done in constructing the mill would constitute a lien upon the logs to be manufactured therein, or the lumber there manufactured from such logs.    Sec. 3329, S. & B. Ann. Stats., provides that "any person who shall do or perform any labor or services in cutting, felling, hauling, running," etc., "or manufacturing into lumber, any logs," etc., shall have a lien upon such logs and lumber.    It is a remedial statute, and, in the interest of labor, the rules of liberal construction should be applied in determining its scope and meaning, as has frequently been decided by this court.    *Jacubeck v. Hewitt*, 61 Wis. 96; *Kollock v. Parcher*, 52 Wis. 393; *Hogan v. Cushing*, 49 Wis. 169; *Winslow v. Urquhart*, 39 Wis. 260.    But, without doing violence to the

language of the statute, we cannot so construe it as to include work done in the original construction of any part of a sawmill plant to be used in manufacturing logs into lumber and caring for the manufactured product till moved off from the mill premises. In *Glover v. Hynes L. Co.* 94 Wis. 457, we held that work done in making permanent improvements to a sawmill is not within the statute. The same rule applies to permanent improvements and necessary appurtenances to the sawmill property. Work in the construction of the mill and such necessary improvements and appurtenances is clearly separate and distinct from work in the operation of the mill. The former is clearly not within the descriptive words of the statute; the latter is.

It follows from what has preceded that the evidence does not support a verdict in plaintiff's favor for all the work done by him between the 21st day of October, 1894, and the 21st day of September, 1895. That necessarily leads to the consideration of another question, which does not appear to have occurred to the trial court or counsel for the appellants, but should be determined on this appeal for the purposes of a new trial.

Sec. 3331, S. & B. Ann. Stats., provides that, for work done between the 1st day of November and the 1st day of May following, the claim for a lien shall be filed on or before the 1st day of June following, and for work done after the 1st day of May and before the 1st day of November following, or for continuous work from the 1st day of November, or a day prior thereto, to and beyond the 1st day of May following, the claim for a lien shall be filed within thirty days after the last day of doing such work. This language received construction in *McGinley v. Laycock,* 94 Wis. 205, to the effect that the plain legislative intent of the statute was to divide claims for liens into three classes, with reference to the time of filing the lien petition: First, claims for work done between the 1st day of November and the 1st

day of May following, whether continuous or not, the particular dates being used inclusively; second, work done after the 1st day of May and before the 1st day of November following, whether continuous or not, the dates being used exclusively; and third, work commenced on the 1st day of November or a day prior thereto, and continued to a day after the 1st day of May following. This classification was obviously made so as to fairly protect the laborers without unnecessarily inflicting loss and damage upon other interests,— particularly the interests of those who might deal with the property in the regular course of trade and commerce. To that end, considering that work done from the 1st day of November to the 1st day of May following is ordinarily in logging operations, and is continuous, so that such work itself reasonably furnishes notice of the existence of the lien, and that during such period business transactions in regard to transfers of the property are ordinarily not active, the laborer is given till the 1st day of June following to file his claim for a lien therefor; and considering that from the 1st day of May to the 1st day of November following, which includes the manufacturing season, when the manufactured product is ordinarily moved within short periods, and disposed of to consumers in the due course of trade and commerce, thirty days from the completion of the work is limited for filing the claim; and considering that continuity of work reasonably furnishes notice of the existence of a lien for work done, commencing on the 1st day of November, or a day prior thereto, and continuing to a day after the 1st day of May following, the laborer is given thirty days after the completion of such work to file his lien petition. From this it is clear that, when a claim for a lien for work done prior to the 1st day of May in any year is not filed till after the 1st day of June following, it is absolutely essential to the maintenance of such lien that it be shown that the work commenced on the 1st day of the November preceding, or a

McCann and another vs. Chicago, St. Paul, Minneapolis & Omaha R. Co.

day prior thereto, and continued without material interruption to within thirty days of the time of such filing. The abandonment of the work for any period within the time mentioned, or the doing of work of a character not within the statute, breaks the necessary continuity required, and is fatal to the claim for all work done prior to the 1st day of May preceding such filing.

It follows from what has preceded that the work done by plaintiff before the 1st day of November, 1894, was lost by failure to file the lien claim within thirty days after its completion, and that the work done in building the docks, driving piles, and making tramways, for which plaintiff was not entitled to a lien, broke the continuity of his lienable work done on and after the 1st day of November, 1894, so that the filing of the claim October 9, 1895, was only effectual to preserve to plaintiff his lien for the lienable work done after the 1st day of May preceding.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.